393 So.2d 1284 (1980)
Ross E. COX
v.
Claude KIRKPATRICK, et al.
No. 14005.
Court of Appeal of Louisiana, First Circuit.
October 29, 1980.
Rehearing Denied January 26, 1981.
Thomas K. Kirkpatrick, Baton Rouge, for appellant.
Bert K. Robinson, Baton Rouge, for appellees.
Before COVINGTON, CHIASSON and LEAR, JJ.

ON MOTION TO DISMISS THE APPEAL
COVINGTON, Judge.
Appellee, Ross E. Cox, has moved to dismiss this unlodged appeal on the grounds that no timely appeal bond was filed by the defendants-appellants, Claude Kirkpatrick, Wayne D. Swenson and Southern Colonial Investment, Inc., and that the purported judgment of July 22, 1980, from which the appeal was taken, should be stricken because the trial judge had previously signed the judgment in the suit on March 25, 1980.
*1285 The original suit herein (No. 167, 107 on the docket of the Nineteenth Judicial District Court) was to recover an amount for paving work performed by the plaintiff on properties owned by the defendants in the Interstate Shopping Center in East Baton Rouge Parish, Louisiana. The trial judge rendered judgment on December 3, 1979, which was filed in the record the next day, and he signed the judgment on March 25, 1980, in favor of the plaintiff and against the defendants solidarily in the amount of $12,666.64 with interest. No motion for new trial was made. On April 29, 1980, the defendants petitioned for a suspensive and/or devolutive appeal, with the order signed by the trial court on the same date. The appeal bond, signed by Claude Kirkpatrick as principal and Wayne D. Swenson as surety, was also filed April 29.
Subsequently, for reasons not reflected in the record, Judge Maraist signed another judgment in the paving work suit which was identical to the March 25, 1980 judgment. This second judgment was signed on July 22, 1980, the same date that the judgment denying the motion for new trial in the lease rental suit was signed (No. 169, 896 on the docket of the Nineteenth Judicial District Court).
Then, all defendants appealed the July 22, 1980, judgment denying the new trial in the lease rental suit and the July 22, 1980 judgment in the instant suit. Attached to the petition for appeal was an appeal bond dated August 7, 1980, and signed by Claude Kirkpatrick, as principal, and Wayne D. Swenson, as surety, on behalf of all appellants. The bond was stamped as filed on August 12, 1980.
In the instant case, the thirty day delay allowed defendants-appellants to perfect their appeal commenced on March 26, 1980. The delays for perfecting a suspensive appeal expired on April 24, 1980. The order was not signed until April 29, 1980, and the appeal bond was filed on the same date. For the reasons assigned in "Ross E. Cox versus Southern Colonial Investment, Inc., et al.", Number 13,997 on the docket of this Court handed down this date, we must dismiss the suspensive appeal of the appellants.[1] See Willie v. Otasco, 347 So.2d 1215 (La.App. 1 Cir. 1977).
We grant the appellee's motion to strike the July 22, 1980, judgment from the records as null and void. The attempted appeal taken therefrom on August 6, 1980, is not a valid appeal and vests no jurisdiction in this Court. The law does not contemplate that the trial judge will sign (or render) two identical judgments on different dates in the same lawsuit. The judge, having rendered and signed one final judgment, had no authority to sign another one. LSA-C.C.P. Art. 1951. The March judgment had become definitive and the trial court could make no substantive change by the signing of "another" judgment in July, LSA-C.C.P. Art. 1842; LSA-C.C. Art. 3556(31).
For the reasons assigned, the motion to dismiss is granted insofar as it seeks dismissal of the suspensive appeal; however, we retain jurisdiction to review this matter as a devolutive appeal.
MOTION TO DISMISS SUSPENSIVE APPEAL GRANTED; DEVOLUTIVE APPEAL MAINTAINED
CHIASSON, J., concurs in result.
NOTES
[1] Joseph N. Traigle, Collector of Revenue, State of Louisiana versus Gulf Coast Aluminum Corporation, et al., 391 So.2d 1290, on the docket of this Court, holds that it is the responsibility of the appellant to obtain a timely order of appeal; it is not the mere filing of an unsigned order of appeal with a deputy clerk that "perfects" the appeal.