MOTION TO DISMISS
DOUCET, Judge.
We issued exproprio moto an order to show cause as to why plaintiff-appellant’s appeal should not be dismissed as being untimely perfected. The plaintiff has answered the rule to show cause. We dismiss the appeal.
When the record was filed with this court, the Clerk of this Court noted that the record contained two identical judgments: one dated April 4, 1984, and the other dated July 2, 1984. Suspecting the rendering of the second judgment was for the sole purpose of extending the appeal time, this Court issued the above mentioned rule to show cause.
In his answer to the rule, the plaintiff avers that the original judgment, signed *1038 April 4, 1984, was sent to him for approval, and that he signed same, and sent his secretary to bring the judgment to his opponent for him to sign, and then to the office of the trial judge for his signature. He also avers, and attaches the affidavit of his secretary stating the same, that he forwarded with the judgment a motion for appeal which was somehow lost or misplaced.
The plaintiffs attempt to perfect an appeal from the judgment of July 2, 1984 is null and void and without affect. The law does not contemplate that the trial judge will sign (or render) two identical judgments in the same lawsuit. The judge, having rendered and signed one final judgment, had no authority to sign another one. LSA-C.C.P. Art. 1911. The April judgment had become definitive and the trial court could make no substantive change by the signing of “another” judgment in July. LSA-C.C.P. ' Art. 1842; LSA-C.C. Art. 3556(31). Cox v. Kirkpatrick, 393 So.2d 1284 (La.App. 1st Cir.1980).
While we do not contest the veracity of plaintiffs attorney or his secretary, we cannot accept the mere word of any party that an appeal was timely taken but lost. To accept such unsupported statements would subject the appellate process to abuse by fraud.
For the reasons assigned, the appeal is dismissed at the appellant’s cost.
APPEAL DISMISSED.