JASPER E. JONES, Judge.
The defendants filed a motion to dismiss as untimely the plaintiffs’ appeal from a judgment dismissing their suit on an exception of no cause of action. The motion is denied.
On June 30, 1983 the plaintiffs, employees of the Bastrop Fire Department, filed suit against the City of Bastrop and certain city officials seeking to recover past and future wages lost because the city failed to present to the Social Security Administration a plan to exempt plaintiffs’ wages from social security taxes. The defendants filed various exceptions including an exception of no cause of action. A hearing on the exceptions was held on May 25, 1984. At the close of the hearing the trial judge took the exceptions under advisement.
On July 20, 1984 the trial judge filed written reasons for judgment indicating that he was going to sustain the exception of no cause of action and give plaintiffs ten days to amend their petition or their action would be dismissed with prejudice. A judgment to this effect was signed August 14, 1984.
On July 31, 1984 the plaintiffs, without amending their petition, filed a premature appeal from the judgment sustain *1390 ing the exception of no cause of action. Defendants moved to dismiss the appeal. On August 11, 1984 this court ordered the appeal dismissed because the judgment appealed was not a final judgment since it gave plaintiffs leave to amend instead of ordering their action dismissed.[1] 458 So.2d 221. LSA-C.C.P. art. 2083; Taylor v. Consol. Rail Corp., 391 So.2d 1351 (La.App.4th Cir.1980); Spencer v. Bur glass, 288 So.2d 68 (La.App. 4th Cir.1974). See also Imperial Trading Company v. Rouse, 194 So.2d 417 (La.App. 4th Cir.1967).
On October 17, 1984 the trial judge signed a Judgment of Dismissal dismissing plaintiffs’ suit on the exception of no cause of action. Plaintiffs were not sent a notice of judgment as required by LSA-C.C.P. art. 1913.[2] On November 28, 1984 plaintiffs filed a Motion To Set Aside Judgment of Dismissal, Alternatively For New Trial. A hearing on the motion was held December 17, 1984. At the close of the hearing the trial judge rendered and signed a judgment denying the motion. On the same day plaintiffs petitioned for a devolutive appeal from the judgment. Defendants have moved to dismiss this appeal.
Defendants contend the instant appeal is untimely because the appeal delays began to run August 14, 1984 with the signing of the judgment sustaining the exception. They argue the appeal delays began to run August 14, 1984 because the October 17, 1984 judgment is null since it accomplishes nothing more than was accomplished by the earlier judgment. Defendants rely on a line of cases holding that a second judgment on the same subject matter is without legal effect. Cox v. Kirkpatrick, 393 So.2d 1284 (La.App. 1st Cir.1980); Pousson v. Klumpp, 456 So.2d 1037 (La.App. 3d Cir.1984).
The cases cited by defendants are inappo-site and are not controlling in the instant case. In those cases the second judgments were identical to and accomplished the same results as the first judgments. Here the two judgments accomplish entirely different results. The August 14, 1984 judgment merely gives plaintiffs ten days to amend their petition under the threat of having their action dismissed for failure to state a cause of action. The October 17, 1984 judgment actually dismissed the action and is the final appealable judgment.
Since plaintiffs were not sent a notice of judgment as required by law the delays for applying for a new trial did not begin to run. LSA-C.C.P. art. 1974. Therefore, plaintiffs’ motion for a new trial was timely although it was filed more than seven days after the signing of the judgment. Plaintiffs had 60 days from the date the motion for a new trial was denied in which to perfect their devolutive appeal. LSA-C.C.P. art. 2087(2). The appeal was taken the same day the motion for a new trial was denied. The appeal was timely filed.
The motion to dismiss plaintiffs’ appeal is DENIED.

. The subsequent signing of the judgment prior to the rendition of our decision on the motion to dismiss cured the prematurity defect. Reed v. Superior Motors, 415 So.2d 219 (La.App. 2d Cir.1982).

. Article 1913 provides that when a case is taken under advisement, notice of the signing of a final judgment shall be mailed to the counsel of record for each party. The trial judge took the exception of no cause under advisement and the judgment of dismissal is the final judgment.