MOTION TO DISMISS
KNOLL, Judge.
Defendants-appellees, Wilbert Saucier and Edward Kaplan, move to dismiss the appeal of plaintiff-appellant, Mary Bank-ston, on the ground that appellant seeks review of interlocutory judgments which do not cause appellant irreparable injury.
Appellant filed a Motion and Order for Appeal in the trial court seeking an appeal of “judgments signed and rendered on February 29 and the last judgment on the 25 day of April, 1988 ...” This order was granted. The record indicates that on February 29,1988, the trial court rendered and signed a judgment which rescinded a former order of that court that had allowed appellant to proceed in forma pauperis. The record also contains a judgment of the trial court signed on April 25, 1988, which sustained appellees’ peremptory exception of no cause of action. This latter ruling states that the judgment had been rendered on February 29, 1988.
The Notice of Appeal contained in the record states that appellant was granted an appeal from judgments rendered on April 18, 1988, and April 25, 1988. As stated above, the ruling on April 25 dealt with the exception of no cause of action. However, the only ruling in the record signed on April 18, 1988, was the trial court’s denial of appellant’s motion for a rehearing on the traversal of appellant’s pauper status.
Appellees state in their motion to dismiss that appellant is appealing three judgments: the ruling on the no cause of action exception, the ruling on the traversal, and the denial of the application for a rehearing. Appellees contend that all these judgments are interlocutory in nature and do not cause appellant irreparable injury. Therefore, appellees move to dismiss the instant appeal.
Insofar as the pauper status is concerned, this issue has been rendered moot. Appellant sought writs from this court to review this ruling, and the writs were denied. Bankston v. Guzman, Docket Number W88-871 (La.App. 3rd Cir. August 12, 1988). However, the Louisiana Supreme Court granted writs and reversed the rulings of this court and the trial court. Bankston v. Guzman, Docket Number 88-CC-2290 533 So.2d 5 (1988). Thus, the appeal of the trial court’s rulings regarding the appellant’s pauper status has been rendered moot. Accordingly, insofar as appellant seeks review of these rulings, the appeal must be dismissed.
We must also dismiss appellant’s appeal of the judgment sustaining the defendant’s first exception of no cause of action for the following reason. Appellees herein were joined in the instant suit by appellant’s first supplemental and amending petition which was filed on December 29, 1987. On January 13, 1988, appellees filed an exception of no cause of action to this petition. The court minutes for February 29, 1988, indicate that a judgment sustaining appellees’ exception and denying appellant’s petition was rendered on that date.
On April 5,1988, appellant filed a second supplemental and amending petition which again made certain allegations against ap-pellees. The trial court signed an order on April 6, 1988, allowing the second supplemental amending petition to be filed. Ap-pellees filed another exception of no cause of action arguing that the second supplemental and amending petition also failed to state a cause of action. The record contains no indication that any further action has been taken with regards to this latter exception.
As stated above, the trial court signed a judgment on April 25, 1988, which sustained appellees’ exception of no cause of *1207 action. The judgment states that the ruling had been rendered on February 29, 1988; therefore, this judgment can only refer to the defendants’ earlier exception. The plaintiff was allowed to subsequently amend her initial petition, and the defendants thereafter filed a second exception of no cause of action. No hearing has been held, and no judgment has been rendered as to that exception.
Ordinarily, when an exception of no cause or right of action is sustained by the trial judge, the judgment is final, and an appeal lies from such a ruling. See Stevens v. Daigle & Hinson Rambler, Inc., 148 So.2d 105 (La.App. 1st Cir.1962). However, if a trial court sustains an exception of no cause of action but does not dismiss the suit, such as where the plaintiff is afforded an opportunity to amend the petition within a certain time, then the trial court’s ruling is not a final appealable judgment. In such a case, the judgment is only interlocutory, and an appeal from such a ruling is inappropriate. La.Code Civ.Proc. Arts. 1841 and 2083. For example, see, Williams v. City of Bastrop, 464 So.2d 1389 (La.App. 2nd Cir.1985), and the same case on earlier review, Williams v. City of Bastrop, 458 So.2d 221 (La.App. 2nd Cir.1984).
Thus, in the instant case, the record reveals that plaintiff’s suit has not been dismissed, and plaintiff was given the opportunity to amend her petition. Therefore, the trial court’s judgment was interlocutory, and this appeal is inappropriate. This appeal is hereby dismissed at plaintiff’s cost, and this suit is remanded to the trial court for further proceedings consistent with this opinion.
MOTION GRANTED. APPEAL DISMISSED. CASES REMANDED.