# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 11-236

MAVIS S. STEPHENS
VERSUS
PAUL DAVID STRAHAN, II, AND PHOEBE LEONE STRAHAN

**********

APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT
PARISH OF SABINE, NO. 62076
HONORABLE STEPHEN B. BEASLEY, DISTRICT JUDGE

**********

## SYLVIA R. COOKS
### JUDGE

**********

Court composed of Sylvia R. Cooks, Marc T. Amy, and Elizabeth A. Pickett, Judges.

APPEAL DISMISSED.

William Daniel Dyess
Dyess Law Firm, LLC
807 W. Main St.
Many, LA 71449
(318) 256-5667
COUNSEL FOR PLAINTIFF/APPELLANT:
    Mavis S. Stephens

Kenneth N. Simmons
Attorney at Law
Post Office Box 490
Many, LA 71449
(318) 256-1275
COUNSEL FOR DEFENDANTS/APPELLEES:
    Paul David Strahan, II
    Phoebe Leone Strahan

COOKS, Judge.

Upon the lodging of this appeal, this court, on its own motion, issued a rule for the plaintiff-appellant, Mavis S. Stephens, to show cause, by brief only, why the appeal in this case should not be dismissed as having been taken from a non-appealable, interlocutory order. On March 3, 2011, the defendants-appellees, Paul David Strahan, II, and Phoebe Leone Strahan, filed a Motion to Dismiss on Grounds of Appeal of an Interlocutory Judgment and/or Untimely Appeal and/or Abandonment and for Attorney Fees. For the reasons given herein, we dismiss the appeal, and we deny the defendants' motion for attorney fees.

Plaintiff filed this action asserting that the defendants had disturbed her peaceable possession of her property. However, the petition also had language indicating that the plaintiff owned the property at issue. The defendants responded to the petition by filing exceptions of no right of action, no cause of action and improper cumulation of actions. All three exceptions were based on the argument that the plaintiff had improperly plead both a possessory action and a petitory action in the petition.

Following a hearing on the exceptions, the trial court entered judgment granting the exceptions of no cause of action and improper cumulation of actions. However, the trial court ordered that the plaintiff amend the petition to cure the defects within fifteen days of the trial court's judgment. The plaintiff filed her First Amended and Supplemental Petition Stating Claim for Possessory Action within the time set by the trial court.

In response to the amending and supplemental petition, the defendants filed their Motion to Dismiss; Exception of Prescription and/or Exception of Peremption. The defendants argued that the plaintiff had failed to follow the trial court's order to

1

file an amending petition removing any possessory claim and limiting the cause of action to a petitory action.

Following a hearing on the defendants' motion, the trial court entered judgment on November 16, 2010, dismissing plaintiff's possessory action without prejudice. However, the trial court found that, in the interest of justice, the plaintiff should be afforded another opportunity to amend her petition to state a petitory cause of action. Therefore, the trial court ordered the plaintiff to amend her petition again within ten days, on penalty of dismissal of all claims in the plaintiff's initial petition with prejudice.

The plaintiff then filed her Second Amended and Supplemental Petition Setting Forth Petition for Recognition of Ownership of Immoveable Property or Petitory Action. However, the plaintiff also filed a motion for an appeal of the judgment of November 16, 2010. Upon the lodging of the appeal in this court, we issued a rule to show cause, by brief only, why this appeal should not be dismissed as having been taken from a non-appealable, interlocutory order. Additionally, the defendants filed a motion to dismiss the appeal and asked for an award of attorney fees and costs, claiming that the appeal was frivolous.

In the brief filed by the plaintiff in response to this court's rule and the defendants' motion, the plaintiff first argues that the trial court's ruling dismissing the possessory action is either a complete final judgment or a partial final judgment pursuant to La.Code Civ.P. art. 1915. Based on this premise, the plaintiff asserts that the appeal is appropriate. We disagree.

We find that, in this instance, a clear classification of the judgment as either an interlocutory ruling or a partial final judgment is of no legal consequence since the result is the same. The trial court's ruling clearly does not dismiss the plaintiff's

2

entire suit. To the contrary, the trial court maintained the plaintiff's suit, provided the plaintiff filed an amended petition, which amendment the plaintiff timely accomplished. Therefore, we find no merit to the plaintiff's assertion that the trial court's ruling is a complete, final adjudication of this suit.

In *Bankston v. Guzman*, 537 So.2d 1205, 1207 (La.App. 3 Cir.), *writ denied*, 538 So.2d 615 (La.1989), this court stated:

> Ordinarily, when an exception of no cause or right of action is sustained by the trial judge, the judgment is final, and an appeal lies from such a ruling. See *Stevens v. Daigle & Hinson Rambler, Inc.,* 148 So.2d 105 (La.App. 1st Cir.1962). However, if a trial court sustains an exception of no cause of action but does not dismiss the suit, such as where the plaintiff is afforded an opportunity to amend the petition within a certain time, then the trial court's ruling is not a final appealable judgment. In such a case, the judgment is only interlocutory, and an appeal from such a ruling is inappropriate. La.Code Civ.Proc. Arts. 1841 and 2083. For example, see, *Williams v. City of Bastrop,* 464 So.2d 1389 (La.App. 2nd Cir.1985), and the same case on earlier review, *Williams v. City of Bastrop,* 458 So.2d 221 (La.App. 2nd Cir.1984).

> Thus, in the instant case, the record reveals that plaintiff's suit has not been dismissed, and plaintiff was given the opportunity to amend her petition. Therefore, the trial court's judgment was interlocutory, and this appeal is inappropriate. This appeal is hereby dismissed at plaintiff's cost, and this suit is remanded to the trial court for further proceedings consistent with this opinion.

Furthermore, if the judgment is considered an interlocutory ruling, the plaintiff can assign this ruling as error should the plaintiff appeal the final judgment which will ultimately be rendered in this suit. *See Firemen's Pension and Relief Fund for the City of Lake Charles v. Boyer*, 420 So.2d 1323 (La.App. 3 Cir. 1982).

Despite the foregoing jurisprudence, the plaintiff argues that changes to La.Code Civ.P. art. 1915 since rendition of such cases as the above cited *Bankston* case indicates that the instant judgment should now be considered appealable. However, even if this judgment constitutes a partial final judgment, we find that it would fall within the purview of La.Code Civ.P. art. 1915(B), requiring a designation

3

of appealability in order to be immediately appealable. Moreover, we find that a designation of immediate appealability would be inappropriate, finding that this judgment does not meet the criteria for designation set forth in *R.J. Messinger, Inc. v. Rosenblum*, 2004-1664 (La. 3/2/05), 894 So.2d 1113. *See also Fakier v. State of La., Bd. of Sup'rs for Univ. of La. Sys.*, 2008-111 (La.App. 3 Cir. 5/28/08), 983 So.2d 1024. In particular, we note that if the plaintiff is successful in litigating the petitory action, the plaintiff would have no necessity for obtaining a reversal of the trial court's dismissal of the possessory action, thereby obviating the need for this court ever to review the propriety of the current judgment at issue. Therefore, we hold that the plaintiff can obtain adequate relief by assigning this judgment as error in any future appeal from the complete adjudication of this matter and that a designation of this judgment as immediately appealable at this time is inappropriate.

Next, the plaintiff argues that if the court finds that the judgment is interlocutory, an appeal is appropriate because the ruling causing irreparable harm. The legislature has expressly stated through statutory amendment that interlocutory rulings are to be reviewed on appeal in instances only where the law expressly provides such relief. La.Code Civ.P. art. 2083. Since no statute expressly provides for an appeal of the ruling at issue in this case, we find no merit to plaintiff's argument in this regard.

Finally, the plaintiff asks that, if we dismiss the appeal, this court exercise of its supervisory jurisdiction to review the ruling. As stated above, we find that the plaintiff has an adequate remedy on appeal since this judgment can be assigned as error in an appeal from the subsequent complete final judgment in this suit. Therefore, we decline to exercise this court's discretionary supervisory jurisdiction.

At noted above, the defendants have asked this court to award them attorney

4

fees for the plaintiff's filing of the instant appeal. While we dismiss the appeal, we have stated that this court can review the propriety of the trial court's ruling through the assignment of the judgment as error in the appeal from the final, complete adjudication of the suit. We do not find that the plaintiff's appeal is frivolous; instead, we find that the plaintiff's attempt to obtain review of the ruling is temporally premature. Therefore, we deny the request for attorney fees.

For the above stated reasons, we hereby dismiss this appeal at plaintiff's cost.

**APPEAL DISMISSED.**