BARNETTE, Judge.
This is a devolutive appeal by plaintiff from a judgment dismissing its suit against one defendant, Peter Rouse, after a prior judgment was rendered maintaining an exception of no cause of action filed on behalf of defendant Rouse. A motion to dismiss the appeal was filed in this court based on the contention that the appeal was not timely taken. In the alternative, the defendant-appellee Rouse prays for a judgment affirming the maintaining of his exception of no cause of action and the dismissal of the suit as it applies to him.
Plaintiff filed suit on a promissory note, claiming to be a holder in due course. The note, dated only “June,” is payable to the order of The Bank of New Orleans and Trust Company and provides for monthly payments of $94.07, beginning on July 30, 1964. It is signed by one Louis Karno and one Andrew J. Pincon in their respective capacities as vice president and president of Cocktails, Inc. On the back of the note is the following:
“In consideration of the making at the request of the undersigned of the loan evidenced by the within note, the undersigned has taken notice of the conditions and promises on the reverse hereof, and binds himself in solido by each and all of them, as therein stated.
“Imperial Trading Co. Inc.
by: [s/] Gerald C. Pelias, Sec.
[s/] Andrew J. Pincon
[s/] Louis Karno
“Pay to the order of Imperial Trading Co. Inc.
Without recourse or warranty
THE BANK of NEW ORLEANS and TRUST CO.
NEW ORLEANS, LA.
[s/] L. V. Carambat, Jr.
Asst v-p”
The suit names as defendants, Cocktails, Inc., Pincon, and Karno and alleges that they are liable jointly, severally, and in solido, for a balance of $1,047.55 due since May 31, 1965. Peter Rouse is made defendant on the allegation that in November, 1964, Rouse purchased from Cocktails, Inc., a business known as “Devil’s Den #2,” which alleged purchase was made without complying with the Bulk Sales Law, LSA-R.S. 9:2961-68, and that plaintiff, as a creditor of Cocktails, Inc., was deprived of its security rights. Plaintiff prays for judgment against Peter Rouse “in like amount together with interest, attorney’s fees and costs, but limited by the fair value of all of the property transferred to him by Cocktails, Inc.”
The exception of no cause of action filed by Rouse is based on two points: (1) that the Bulk Sales Law does not apply to the sale of a tavern; and (2) that there is no allegation in plaintiff’s petition, and nothing contained in the note attached thereto, to indicate that plaintiff was a creditor of the transferor of the business before or at the time of the alleged transfer.
On February 18, 1966, after a hearing at which plaintiff’s attorney was present, the exception of no cause of action was maintained, but plaintiff was given leave to amend his petition within 15 days. No supplemental or amending petition was filed, and on March 9, 1966, on motion of defendant Rouse, an ex parte order was signed and filed dismissing plaintiff’s suit against Rouse. Plaintiff took a devolutive appeal from the latter judgment on June 8, 1966.
Under LSA-C.C.P. arts. 1974, 2087, the appeal was not taken within the delays allowed if the time began to run when the judgment maintaining the exception was rendered. This is the basis for defendant’s motion to dismiss the appeal. ITe argues that while plaintiff specifically appealed from the judgment of March 9, it is in fact the judgment of February 18, maintaining the exception, of which plaintiff com *419 plains. In the alternative, defendant prays that the appeal be limited to a consideration of the judgment of March 9.
The defendant-appellee has cited Perot v. United States Cas. Co., 98 So.2d 584 (La.App. 2d Cir. 1957), holding that judgments maintaining exceptions of no cause of action are definitive and appealable. We fully concur in the opinion cited, but in that case and in Nicholas v. Maddox, 52 La.Ann. 496, 26 So. 994 (1900), cited by the court, the judgment maintaining the exception of no cause of action also dismissed the plaintiffs suit. Interstate Elec. Co. v. Interstate Elec. Co. of Shreveport, Inc., 6 So.2d 39 (La.App. 2d Cir. 1942), also cited in Perot, is not apposite because there the judgment maintaining the exception of no cause of action was never signed and filed of record, and the appellate court did not consider it.
 It is not the maintaining of the exception of no cause of action by itself which is definitive and appealable, especially where the judgment is qualified, reserving the right to remove the objection by amendment. Rather, it is the dismissal of the suit which makes the judgment final. This may be, and generally is, ordered in the same judgment that maintains the exception, as in Perot and many other cases. But where the dismissal is held in abeyance in order to allow time to amend as provided in LSA-C.C.P. art. 934, the judgment is not definitive and appealable until the dismissal is made effective. Indeed, the action may not be dismissed at all if the amendment removes the objection. If the plaintiff does not wish to amend, he can refuse to do so and request the court to dismiss his suit. Miller v. American Mut. Liab. Ins. Co., 42 So.2d 328 (La.App. 1st Cir. 1949).
Since the judgment of February 18, 1966, did not dismiss plaintiff’s suit, it was not final and appealable. The delay for taking a devolutive appeal did not begin to run until the order dismissing the suit was signed on March 9, 1966. Thus the appeal is timely, and the motion to dismiss it must be denied.
This brings us to a consideration of the merits of the exception of no cause of action, and we will address ourselves first to plaintiff’s right as a creditor to invoke the protection of the Bulk Sales Law.
LSA-R.S. 9:2961 provides in part as follows:
“ * * * As used in this Part, ‘creditor’ and ‘creditors’ mean only the creditor or creditors of the transferor with respect to a debt or debts owned by the trans-feror at the time of the transfer, but not with respect to any debt or debts subsequently arising.”
Plaintiff merely alleged that it was the holder and owner of a note executed by the transferor. The note, which was attached to the petition and which we have described above, was payable to the order of The Bank of New Orleans and Trust Company. It is not dated, except for the word “June,” though we may fairly assume it was executed prior to July 30, 1964. From the endorsements on the back of the note, it is apparent that plaintiff assumed an obligation in solido to the bank. If and when the plaintiff was called on its endorsement and if and when it paid the bank is not alleged. This, too, may be assumed from the fact that the bank endorsed the note over to plaintiff “without recourse of warranty,” but this endorsement is not dated. The alleged sale of “Devil’s Den #2” to defendant Rouse was “in November, 1964.” If plaintiff was called on its endorsement and made payment of the balance due the bank after that date, it was not a creditor of the transferor of the business at the time of the alleged sale.
A strong implication that plaintiff did not become a creditor of the trans-feror until after the sale can be drawn from its allegation that the balance due on the note dates from May 31, 1965. But we need not base our opinion on conjecture and assumption, for it is encumbent upon *420 plaintiff to allege affirmatively all the essential facts necessary to support a cause of action. This it has failed to do. There is nothing in plaintiff’s petition nor on the face of the note from which it can be determined that plaintiff was a creditor of the transferor of the business in November, 1964.
Plaintiff has failed to meet the “creditor” requirement of LSA-R.S. 9:2961, notwithstanding the allowance of 15 days within which to remove this objection, and cannot invoke the protection provided creditors by the act. We therefore pretermit the question of whether the business sold was one within the contemplation of the Bulk Sales Law.
The judgment maintaining the exception of no cause of action and dismissing plaintiff’s suit against the defendant Peter Rouse at its costs is affirmed.
Motion to dismiss denied; judgment affirmed.