288 So.2d 68 (1974)
Rowena SPENCER, M.D.
v.
Harry A. BURGLASS, Esq.
No. 5962.
Court of Appeal of Louisiana, Fourth Circuit.
January 8, 1974.
Michael H. Bagot, John McGuckin, Jr., George M. Leppert, New Orleans, for plaintiff-appellant.
Harry A. Burglass, Metairie, for defendant-appellee.
Before REDMANN and STOULIG, JJ., and FLEMING, J. Pro Tem.
REDMANN, Judge.
To a physician's tort suit alleging defendant attorney at law had both filed and tried a medical malpractice suit without *69 (as we construe the allegations) ever having any medical expert evidence of malpractice, defendant filed an exception of no cause of action, asserting as a defect the petition's failure to allege malice.
Judgment below maintained that exception, while granting 15 days "to file supplemental and amended pleadings in this matter under penalty of dismissal." More than 15 days thereafter, without having amended, plaintiff appeals from that judgment. There was no subsequent judgment of dismissal.
We conclude, on our motion, that such a judgment is not appealable. We have previously ruled that time to appeal runs not from the judgment maintaining an exception where that judgment also grants leave to amend (we reasoned such a judgment is not appealable), but from the subsequent judgment dismissing the suit for failure to amend; Imperial Trading Co. v. Rouse, La.App.1967, 194 So.2d 417. The analogous judgment which maintains an exception of vagueness, but which also grants leave to amend, has been held unappealable; Sonnier v. Allstate Ins. Co., La.App. 1967, 198 So.2d 694.
Appeals may only be taken from "a final judgment * * * and from an interlocutory judgment which may cause irreparable injury." C.C.P. art. 2083. The prohibition of other appeals by this legislation, the article's Comment (a) advises, "is universal in order to prevent piecemeal appeals."
Plaintiff in argument advises that she simply cannot allege malice in fact and therefore did not amend. Under the circumstances, she argues that we should treat the judgment as converted by her deliberate inaction into a final, and therefore appealable, judgment of dismissal.
We find this theory attractive insofar as it would enable us to decide the merits of this case rather than remand it because of a procedural defect. We recognize and gladly undertake the obligation imposed by C.C.P. art. 5051 to use procedural rules to implement the substantive law and not as an end in themselves. But, even after the specified period of leave to amend has passed, a plaintiff may still amend, unless the defendant has already moved for dismissal; Roby v. Leonard, La. App.1968, 209 So.2d 182. Therefore we cannot hold that the mere passage of the specified period converts the conditional maintaining of the exception into a final judgment of dismissal. To so rule in order to procedurally speed the case of this plaintiff would procedurally destroy the cases of other plaintiffs like those in Roby and Imperial Trading.
We conclude that the judgment appealed from is not final. Nor is it irreparably injurious. C.C.P. art. 2083 therefore requires that this appeal be dismissed.
Appeal dismissed. Costs will await final outcome.