391 So.2d 1351 (1980)
Patricia TAYLOR, Individually and in Behalf of and as Natural Tutrix of her minor son, Floyd Taylor; Blanche Brown; Aaron Brown; Lester Brown; Anthony Brown; Willie Jackson; Lloyd Brown; Solomon Brown; Shirley Brown Hill; Lorraine Brown Hill; Patricia Brown and Amittie Brown
v.
CONSOLIDATED RAIL CORPORATION, formerly and a/k/a Penn Central Railroad Company; New Orleans Public Belt Railroad Company and Louisiana and Arkansas Railroad Company.
No. 11571.
Court of Appeal of Louisiana, Fourth Circuit.
December 9, 1980.
John J. Farrell, Jr., New Orleans, for Blanche Brown, plaintiff-appellant.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Raymond J. Salassi, Jr., New Orleans, for defendants-appellees.
Before SAMUEL, REDMANN and SCHOTT, JJ.
SAMUEL, Judge.
This is an action for wrongful death. Plaintiffs are the alleged mother of the decedent's illegitimate minor son (she appears both individually and as natural tutrix on behalf of the child), the decedent's mother, Blanche Brown, and ten of decedent's brothers and sisters.
*1352 Among other actions on exceptions, the trial court maintained defendants' exceptions of no right and no cause of action as to the mother, Blanche Brown. In pertinent part the judgment reads as follows: "the Exceptions of No Right of Action and No Cause of Action as to Blanche Brown are maintained, with leave granted to the said Blanche Brown to amend her Petition within thirty days hereof to state a right of action, if possible, and failing thereto, her suit is dismissed;" There was no subsequent judgment of dismissal.
Blanche Brown has appealed and on our own motion we issued an order to show cause why her appeal should not be dismissed on the ground that the judgment appealed from is not an appealable judgment. That motion is the only matter before us at this time.
Code of Civil Procedure Articles 1841 and 2083 read as follows:
"A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. It may be interlocutory or final.
A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment.
A judgment that determines the merits in whole or in part is a final judgment." LSA-C.C.P. Art. 1841.
"An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default, and from an interlocutory judgment which may cause irreparable injury." LSA-C. C.P. Art. 2083.
The judgment here appealed from is neither a final judgment nor an interlocutory judgment which may cause irreparable harm. It does nothing more than order or permit an amendment within a delay allowed by the court as provided by Code of Civil Procedure Article 934. Nor does it dismiss appellant's suit, especially in view of the fact that, even after the period of leave to amend has passed, a plaintiff may still amend unless the defendant already has moved for dismissal.[1] And, quite obviously under these circumstances, the judgment does not cause irreparable harm. Accordingly, we conclude the appeal must be dismissed.[2]
For the reasons assigned, the appeal taken in this matter by Blanche Brown is dismissed. Costs of that appeal are assessed against Blanche Brown. All other costs are to await a final disposition.
APPEAL DISMISSED.
NOTES
[1] Roby v. Leonard, La.App., 209 So.2d 182.
[2] Spencer v. Burglass, La.App., 288 So.2d 68.