STOKER, Judge.
Appellant Clarence Seals filed this suit, a personal injury action, individually and on behalf of his minor son, Bobby Ray Seals. Numerous parties were named as defendants including Jules James. Jules James filed an exception of no cause of action. The trial judge who heard the exception on June 5, 1980, held the exception was good. *691 The judge through a minute entry for June 5, 1980, rendered judgment sustaining the exception and allowed plaintiff ten days to amend the pleadings to state a cause of action. A formal judgment to that same effect was signed on June 12,1980, in which it was stated that the ten days granted for amendment would run from the date of signing of the judgment, i. e., June 12,1980. Neither the minute entry nor the formal judgment provide for automatic dismissal as a consequence of failure to file an amendment of the pleadings within the ten day time limit.
Plaintiff failed to file an amended petition within the ten days allowed. Plaintiff filed a supplemental and amending petition on July 7, 1980, which purports to set forth a cause of action.[1] On October 17, 1980, Jules James filed a rule to show cause why the claims against him should not be dismissed with prejudice at plaintiff’s costs. The rule (referred to as a motion to dismiss under which title it was filed) was heard on December 1, 1980. The trial judge who heard the matter dismissed defendant-ap-pellee, Jules James, on the grounds of res judicata and no cause of action. The dismissal was with prejudice. A formal judgment of dismissal with prejudice was signed on December 3, 1980. Plaintiff has appealed from this judgment.
The trial court did not assign written reasons for its judgment of dismissal. The supplemental and amending petition in question here contains a signed order of court dated July 8, 1980, allowing the supplemental and amending petition to be filed. As noted the rule to show cause why the supplemental and amending petition should not be dismissed was not filed until October 17, 1980.
In our opinion the trial court erred in dismissing with prejudice appellant’s action against Jules James for failure to comply with the ruling which granted plaintiff (the appellant before us) ten days to amend to state a cause of action. See the discussions in Interstate Electric Company v. Interstate Electric Company of Shreveport, Inc., 6 So.2d 39 (La.App. 2nd Cir. 1942); Roby v. Leonard, 209 So.2d 182 (La.App. 1st Cir. 1968) and Spencer v. Burglass, 288 So.2d 68 (La.App. 4th Cir. 1974).
For the foregoing reasons the judgment of the trial court dismissing this action as to defendant-appellee, Jules James, is reversed and the case is remand to the trial court for further proceedings consistent with the views expressed above.
REVERSED AND REMANDED.

. We express no opinion as to whether either the original or the supplemental and amending petitions set forth a cause of action against Jules James.