408 So.2d 16 (1981)
Alvin COULON, Individually and as Representative of the Estate of Keith Coulon
v.
GAYLORD BROADCASTING, Cosmos Broadcasting Corp., and Loyola University.
No. 12570.
Court of Appeal of Louisiana, Fourth Circuit.
December 9, 1981.
Leonard A. Radlauer, New Orleans, for plaintiff-appellant.
Stephen B. Lemann, Monroe & Lemann, New Orleans, for defendants-appellees.
Before BOUTALL, BARRY and KLEES, JJ.
KLEES, Judge.
This is an action for defamation. The trial court maintained defendant's exceptions of no cause of action and ordered that "plaintiff, Alvin Coulon, individually and as representative of the estate of Keith Coulon, be given fifteen (15) days from the date of this judgment to amend the petition to allege a cause of action against the defendants, failure of which shall result in dismissal of the petition in accordance with Article 932 of the Louisiana Code of Civil Procedure". There was no subsequent judgment of dismissal.
*17 Alvin Coulon has appealed and upon our own motion we issued an order to show cause why his appeal should not be dismissed on the grounds that the judgment appealed from is not an appealable judgment.
Code of Civil Procedure Articles 1841 and 2083 read as follows:
"A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. It may be interlocutory or final.
A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment.
A judgment that determines the merits in whole or in part is a final judgment." LSA-C.C.P. Art. 1841.
"An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default, and from an interlocutory judgment which may cause irreparable injury." LSA-C. C.P. Art. 2083.
The judgment here appealed from is neither a final judgment nor an interlocutory judgment which may cause irreparable harm. It does nothing more than order or permit an amendment within a delay allowed by the court as provided by Code of Civil Procedure Article 934. Nor does it dismiss appellant's suit, especially in view of the fact that, even after the period of leave to amend has passed, a plaintiff may still amend unless the defendant already has moved for dismissal. Roby v. Leonard, 209 So.2d 182 (La.App. 1st Cir. 1968). And, quite obviously under these circumstances, the judgment does not cause irreparable harm. Accordingly, we conclude the appeal must be dismissed. Spencer v. Burglass, 288 So.2d 68 (La.App.1974); Taylor v. Consolidated Rail Corporation, 391 So.2d 1351 (La.App. 4th Cir. 1980).
For the reasons assigned, the appeal taken in this matter by Alvin Coulon is dismissed. Costs of the appeal are assessed against Alvin Coulon. All other costs are to await a final disposition.
APPEAL DISMISSED.