BOUTALL, Judge.
*823 This is an appeal from dismissal of a tort suit because of the plaintiffs failure to comply with an order to undergo a physical examination. We dismiss the appeal for lack of jurisdiction.
The plaintiff incurred neck and back injuries in an automobile accident in which his vehicle was struck from behind. The defendants are the driver of the second car (a minor), his father, and the father’s liability insurer.
The defendants filed a motion to compel the plaintiff to undergo a physical examination by their physician prior to a scheduled hospitalization for a myelogram and disco-gram. The court signed an order for the examination without first holding a contradictory hearing of the matter. Although the plaintiff filed a motion to oppose the examination, he did appear at the physician’s office, was examined, but refused to have x-rays. On the basis of the plaintiff’s refusal, the defendants filed a motion to dismiss, upon which the court ruled from the bench in favor of the defendants and directed the defendants’ attorney to submit a judgment. A ruling of dismissal was entered into the court’s minutes on December 19, 1984 and the court signed a judgment drawn by the defendants on January 7, 1985. In the meantime, on January 2, 1985 the plaintiff had filed a petition for a devolutive appeal of the December 19 ruling. The court signed the order for appeal on January 7, the same day he signed the defendants’ judgment.
We find that the judgment as signed is not an appealable judgment, and therefore this court has no jurisdiction over the case.
The typed portion of the judgment of dismissal reads as follows:
“IT IS ORDERED, ADJUDGED AND DECREED that plaintiff’s cause of action against David J. Luck, John Luck and Royal Indemnity Company is hereby dismissed with prejudice due to the plaintiff’s failure to fully submit to a physical examination on October 12, 1984.”
Immediately after the date the following handwritten words appear:
“if the plaintiff does not submit to a physical within 60 days from release of hospital.”[1]
The Louisiana Code of Civil Procedure defines judgments as follows, in article 1841:
“A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. It may be interlocutory or final.
“A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment.
“A judgment that determines the merits in whole or in part is a final judgment.”
The Code sets out in article 2083 the judgments that may be appealed, as follows:
“An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default, from an interlocutory judgment which may cause irreparable injury, and from a judgment reformed in accordance with a remittitur or additur under Article 1814.”
The conditional judgment in the case before us, without a subsequent judgment setting out final dismissal, does not fit the criteria for an appealable judgment. A judgment ordering a physical examination does not determine the merits but is a preliminary matter concerned with the discovery of medical evidence. The refusal to attend or comply with discovery procedures permits the imposition of sanctions, one of which is dismissal. This is not a judgment of dismissal but only presents the possibility of dismissal conditioned on future noncompliance. The judgment herein is analogous to a judgment maintaining an exception and ordering the plaintiff to amend within a certain time on pain of dismissal. *824 Spencer v. Burglass, 288 So.2d 68 (La.App. 4th Cir.1974); Taylor v. Consol. Rail Corp., 391 So.2d 1351 (La.App.4th Cir. 1980); Coulon v. Gaylord Broadcasting, 408 So.2d 16 (La.App.4th Cir.1981). In the above cases, the appeals were dismissed for lack of a final judgment or interlocutory judgment which may cause irreparable harm. The judgment before us neither disposes of the merits nor causes irreparable harm and, as in the cited cases, is no more than a preliminary order.
Accordingly, for the reasons stated above, we dismiss the appeal and remand the case for further proceedings.
APPEAL DISMISSED.

. The plaintiffs attorney stated at the December 19 hearing that his client was then in the hospital recovering from back surgery. There is no indication in the record as to the date of his discharge or whether he later complied with the order.