YELVERTON, Judge.
MOTION TO DISMISS
This Court on its own motion issued a rule to show cause why the appeal of plaintiff-appellant, Jessie Charles, should not be dismissed for failure to timely perfect it under LSA-C.C.P. Article 2087. We now additionally notice our lack of jurisdiction, as there is no right to appeal the judgment in question. LSA-C.C.P. Article 2162.
The plaintiff filed suit on March 20,1987, against several defendants for monetary damages. Various exceptions were filed, and the trial court on December 11, 1987, signed a judgment overruling some of the exceptions and sustaining others. Among the exceptions sustained was a peremptory exception of no cause of action filed by Jeff Davis Met-La Head Start and Joe Cook. The judgment allowed thirty days from December 11, 1987, for the plaintiff to amend her petition, in default of which her suit would be dismissed as to the cause of action alleged.
The plaintiff failed to amend and filed a motion for appeal on March 3, 1988. This Court then issued a rule to show cause why the appeal should not be dismissed as untimely.
A judgment that sustains an exception, but allows a period of time for the defect in the petition to be cured by amendment, is an interlocutory judgment. Coulon v. Gaylord Broadcasting, 408 So.2d 16 (La.App. 4th Cir.1981). This is so because even if the thirty day period within which to amend has passed, the plaintiff may still amend unless the defendant has moved for dismissal. Taylor v. Consol. Rail Cory., 391 So.2d 1351 (La.App. 4th Cir.1980). This judgment does not dismiss the plaintiff’s suit and does nothing more than allow an amendment of the petition pursuant to LSA-C.C.P. Art. 934. Coulon, supra. Also, under these circumstances there is no irreparable injury such as to invoke LSA-C.C.P. Art. 2083. Coulon, supra.
Since the matter is improperly before this Court, we may dismiss the appeal at *1278 any time. LSA-C.C.P. Art. 2162, Updegraff v. Parish of St. Bernard, 433 So.2d 863 (La.App. 4th Cir.1983), and cases cited therein. Accordingly, the untimeless of the appeal need not be discussed, and we conclude the appeal must be dismissed as this judgment is neither a final judgment nor an interlocutory judgment that causes irreparable harm.
APPEAL DISMISSED.