WATKINS, Judge.
This is an appeal by the intervenors, Safeco Insurance Company of America and Continental Casualty Company. The dis-positive issue in this appeal is whether the granting of an exception of no cause of action allowing the plaintiff and inter-venors fifteen days in which to amend is an appealable judgment. For the reasons expressed below, we find that the judgment is nonappealable.
FACTS
Plaintiff, Rolf R. Schroeder, filed suit against the Board of Supervisors of Louisiana State University (LSU Board) and its insurer, Continental Insurance Company (Continental), seeking reimbursement for amounts adjudged due and owing by him in a previous suit filed against him. The previous suit was entitled “Jeanne Y. Lee, et al v. USAA Casualty Insurance Co., et al.” Jeanne Lee and her parents sought recovery from Rolf Schroeder for injuries sustained by Jeanne Lee in an automobile accident with Mr. Schroeder’s minor son. Jeanne Lee was awarded over $1,000,-000.00 in damages from Mr. Schroeder, his primary insurer, USAA Casualty Insurance Company, and the Lee’s uninsured/under- *381 insured motorist carriers, Safeco Insurance Company of America (Safeco) and Continental Casualty Company (CNA). Mr. Schroeder’s petition, in the instant suit, alleges that the LSU Board owes him reimbursement for the damages he became liable to pay to Jeanne Lee. This liability is based on the Board’s alleged vicarious liability for the negligence of its employee, Mrs. Gail Ater. Mr. Schroeder contends that Mrs. Ater failed to properly supervise his son, Andrew E. Schroeder, during his participation in a school sponsored activity. Mr. Schroeder alleges liability based on Louisiana Civil Code Article 2320. After Mr. Schroeder filed the instant suit, both CNA and Safeco filed Petitions of Intervention alleging their entitlement to contribution and indemnity for any amounts paid pursuant to their policies of insurance.
In response to these claims, the LSU Board and Continental filed exceptions raising the objections of lis pendens and/or res judicata, prescription, prematurity, vagueness, and/or no cause of action. Following a hearing on the exceptions, the trial court granted the exception of no cause of action as to the LSU Board, finding no cause of action under LSA-C.C. art. 2320. However, the trial court allowed the plaintiff and intervenors fifteen days, without penalty of dismissal, to amend their petitions to state a cause of action under a theory of negligent entrustment. The judgment specifically overruled all other exceptions, including the exception of no cause of action as to Continental. The judgment was rendered on May 15, 1987, written reasons for judgment were issued on June 12, 1987, and judgment was signed on July 10, 1987. More than fifteen days thereafter, without amending, the inter-venors appealed the July 10th judgment. The record reveals no subsequent judgment of dismissal.
Appellees, LSU Board and Continental, contend that the judgment maintaining the exception of no cause of action as to the LSU Board is not an appealable judgment because it is neither a final judgment nor an interlocutory judgment causing irreparable injury. We agree.
Louisiana Code of Civil Procedure Articles 1841, 1915, and 2083 read as follows:
LSA-C.C.P. art. 1841.
A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. It may be interlocutory or final.
A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment.
A judgment that determines the merits in whole or in part is a final judgment.
LSA-C.C.P. art. 1915.
A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
(1) Dismisses the suit as to less than all of the plaintiffs, defendants, third party plaintiffs, third party defendants, or intervenors.
(2) Grants a motion for judgment on the pleadings, as provided by Articles 965, 968, and 969.
(3) Grants a motion for summary judgment, as provided by Articles 966 through 969.
(4) Signs a judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.
(5) Signs a judgment on the issue of liability when that issue has been tried separately by the court, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury-
B. If an appeal is taken from such a judgment, the trial court nevertheless shall retain jurisdiction to adjudicate the remaining issues in the case.
LSA-C.C.P. art. 2083.
An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default, from an interlocutory judgment which may *382 cause irreparable injury, and from a judgment reformed in accordance with a remittitur or additur under Article 1814.
The trial court’s judgment sustaining defendants’ exception of no cause of action and allowing a period of time for the plaintiff and intervenors to amend is neither a final judgment nor an interlocutory judgment which may cause irreparable harm. Coulon v. Gaylord Broadcasting, 408 So.2d 16 (La.App. 4th Cir.1981). Such an order merely permits an amendment within the delay allowed by the court as provided by LSA-C.C.P. art. 934, and does not dismiss the plaintiff’s suit nor any party to the suit. This is so because even if the fifteen day period within which to amend has passed, the plaintiff may still amend unless the defendant has moved for dismissal. Charles v. Jeff Davis Met-La Head Start, 525 So.2d 1277 (La.App.3d Cir.1988); Alker v. Rauch, 498 So.2d 28 (La.App. 1st Cir.1986); Coulon, supra; Taylor v. Consol. Rail Corp., 391 So.2d 1351 (La.App. 4th Cir.1980); Roby v. Leonard, 209 So.2d 182 (La.App. 1st Cir.1968). Furthermore, for obvious reasons, under the facts of this case there is no irreparable injury such as to invoke LSA-C.C.P. art. 2083.
The appellants contend that, notwithstanding the opportunity to amend, the trial court's judgment is final as to the theory of liability based upon LSA-C.C. art. 2320, and therefore that portion of the judgment is final and therefore appealable. We disagree. Because the trial court granted the intervenors 15 days to amend, the order sustaining the exception of no cause of action is merely an interlocutory judgment. If the intervenors fail to amend their petition to state a cause of action, the defendants may then move for a dismissal, thus making the exception of no cause of action final. If the intervenors do amend their petition to state a cause of action, then the trial court must set aside its previous order maintaining the exception, as the Louisiana Code of Civil Procedure does not provide for a partial peremptory exception of no cause of action. See Walker v. Western-Southern Life Ins. Co., 361 So.2d 892 (La.App.2d Cir.), writ denied, 363 So.2d 537 (La.1978). See also Cenac Towing Co. v. Cenac, 413 So.2d 1351 (La.App. 1st Cir. 1982).
“When a petition states a cause of action as to any ground or portion of the demand, the exception of no cause of action must be overruled.”[1] Rodriguez v. American Bankers Insurance Company of Florida, 386 So.2d 652 (La.1980). See also Miller v. McDonald’s Corp., 415 So.2d 418 (La.App. 1st Cir.1982), writ not considered, 442 So.2d 462 (La.1983).
We find that the judgment appealed from is neither a final judgment, nor an interlocutory judgment which is irreparably injurious. Accordingly, we dismiss the appeal of intervenors, Safeco and Continental Casualty Company. Costs of the appeal are assessed against the intervenors. All other costs are to await a final disposition.
APPEAL DISMISSED.

. The reasoning for this rule was explained in Rodriguez as follows:
The purpose of the rule is to prevent multiple appeals. The trial court’s ruling in this case is a final judgment which creates the right of appeal as to only part of plaintiff’s cause of action and forces the intermediate court to consider the merits of that cause of action in a piecemeal fashion.
386 So.2d at 653.
The court in Rodriguez suggested that the preferable procedure is for the trial court to overrule the exception and at the trial on the merits exclude evidence which the court believes is improper. The party can then include the evidence by means of a proffer, and in any subsequent appeal all issues can be presented at one time.