MADELEINE M. LANDRIEU, Judge.
|2The plaintiff, Susan Menard, appeals the trial court’s dismissal of her petition without prejudice upon the granting of the defendant’s exception of no cause of action. For the reasons that follow, we dismiss the appeal for lack of jurisdiction.
FACTS AND PROCEEDINGS BELOW
On December 12, 2013, Ms. Menard filed a petition claiming she had the right to possess the immovable property located at *680 6017 Canal Street, which had been designated as blighted by the city of New Orleans sometime after Hurricane Katrina. Ms. Menard’s petition alleged that the defendant, Judy Barrie, had illegally disturbed Ms. Menard’s possession. In response, Ms. Barrie filed an exception of failure to state a cause of action.[1] Ms. Barrie asserted that Ms. Menard’s petition failed to allege compliance with the requirements of La. R.S. 9:5633, a statute designed to remediate blight by setting forth a specific procedure Rwhereby individuals may possess and ultimately acquire title to properties that qualify.
On June 4, 2013, the trial court granted the exception, dismissed the petition without prejudice, and afforded Ms. Menard thirty days “to amend her pleadings [sic] to conform with the requirements of Louisiana law.”
Ms. Menard did not amend her petition. However, on July 3, 2013, she filed a writ application in this court seeking review of the trial court’s decision.[2] On July 17th, prior to our ruling on the writ application, Ms. Menard moved to withdraw her application on the basis that the judgment of the trial court was “a final appealable judgment.” Considering Ms. Menard’s status as a pro se litigant, this court on July 18th issued an order denying the motion to withdraw and expressly stating: “The trial court’s June 4, 2013 judgment ... is not a final, appealable judgment. See Succession of Agamy v. Merrill Lynch, Pierce, Fenner and, Smith, Inc., 487 So.2d 579, 580 (La.App. 4th Cir.1986).” In that case, this court held that a judgment maintaining a defendant’s exception of no cause of action and granting the plaintiff time to amend his or her petition is neither a final judgment nor an interlocutory judgment which may cause irreparable harm, and therefore is not appealable. Id. at 580.
Subsequent to our order, Ms. Menard filed a motion for reconsideration of this court’s denial of her motion to withdraw her writ application. On July 26, |42013, we issued a second order granting Ms. Menard’s motion and dismissing her writ application. Ms. Menard then filed the instant appeal.
DISCUSSION
According to Louisiana Code of Civil Procedure article 2083, an appealable judgment must be either a final judgment or an interlocutory judgment for which an appeal is “expressly provided by law.” Because the trial court’s judgment in this case is neither, we lack jurisdiction to consider this appeal.
Accordingly, the appeal is dismissed.
APPEAL DISMISSED.

. Ms. Barrie, apparently seeking to establish her possession of and eventually attain ownership of the same property, also filed a suit against Ms. Menard alleging disturbance of possession. The record reflects that Ms. Barrie’s suit was randomly assigned to the same division of civil district court as Ms. Menard’s suit, but the two have not been consolidated.

. This writ application is numbered 2013-C-0932.