Judge, Rosemary Ledet
This is a legal malpractice case. Nathaniel Joseph and Kecia Esteen (formerly known as Kecia Joseph) (collectively the "Josephs") commenced this case against Gerald Wasserman, an attorney who handled numerous business and property dealings on their behalf (the "Malpractice Case"). The Josephs appeal from the trial court's May 3, 2017 judgment granting, but staying, the exception of no right of action filed by Mr. Wasserman (the "May 2017 Judgment").[1] Mr. Wasserman answered the appeal. Because the May 2017 Judgment is conditional, interlocutory, and non-appealable, we dismiss the Josephs' appeal and Mr. Wasserman's answer to the appeal and remand.
Factual and procedural background
In December 2004, the Josephs commenced the Malpractice Case. In May 2006, the trial court rendered a judgment dismissing the Malpractice Case with prejudice; the reason for the dismissal is not relevant here. Although the Josephs timely appealed the May 2006 judgment by filing a motion for appeal (the "Motion for Appeal"), the Motion for Appeal was not signed until a decade later, in 2016. Meanwhile, in July 2013, the Josephs filed a Chapter 7, Voluntary Bankruptcy Petition, in the United States Bankruptcy Court for the Eastern District of Louisiana (the "Bankruptcy Case"). In the Bankruptcy Case, the Josephs failed to disclose the Malpractice Case as a potential asset of the bankruptcy estate.
In 2015, the Josephs filed in the Malpractice Case a motion seeking to have the Motion for Appeal signed by the trial court; instead, the trial court, sua sponte , declared their appeal from the May 2006 judgment of dismissal abandoned. This court vacated the trial court's judgment and remanded for further proceedings.
*17 Joseph v. Wasserman , 15-1193 (La. App. 4 Cir. 5/4/16), 194 So.3d 720 (" Joseph I "). In so doing, this court instructed the trial court "to sign the timely-filed order of appeal so that the appellate processes may commence." Joseph I , 15-1193, at p. 2, 194 So.3d at 722. When this matter came before this court a second time, this court reversed the trial court's May 2006 judgment of dismissal and remanded for further proceedings. Joseph v. Wasserman , 16-0528 (La. App. 4 Cir. 12/7/16), 206 So.3d 970 (" Joseph II ").
In January 2017, Mr. Wasserman filed a partial exception of no right of action and a motion for partial summary judgment.[2] The gist of his argument was that the Josephs lost their right to pursue the Malpractice Case as a result of their failure to disclose the Malpractice Case in their bankruptcy proceeding. According to Mr. Wasserman, the trustee of the Bankruptcy Case (the "Trustee") became the only proper party to pursue the Malpractice Case.[3]
Following a hearing, the trial court rendered the May 2017 Judgment, conditionally granting Mr. Wasserman's exception of no right of action, ordering that notice be issued to the Trustee in the form attached to the judgment,[4] and staying the Josephs' claims pending the Trustee's intervention. The trial court expressly deferred ruling on Mr. Wasserman's motion for partial summary judgment as moot. From the May 2017 Judgment, the Josephs appeal.
DISCUSSION
Jurisdictional issue
"The foundation of an appeal is subject matter jurisdiction." Wells One Invs., LLC v. City of New Orleans , 17-0415, 17-0416, p. 3 (La. App. 4 Cir. 11/2/17), 231 So.3d 54, 56, 2017 WL 4988660, *2. Before reaching the merits of any appeal, an appellate court has an independent *18 duty to determine, even if the parties do not raise the issue, whether subject matter jurisdiction exists. See Moulton v. Stewart Enters., Inc. , 17-0243, 17-0244, p. 3 (La. App. 4 Cir. 8/3/17), 226 So.3d 569, 571 (citing Moon v. City of New Orleans , 15-1092, 15-1093, p. 5 (La. App. 4 Cir. 3/16/16), 190 So.3d 422, 425 ).
The threshold question that must be answered before reaching the merits of an appeal is whether the ruling from which a party seeks review is an appealable judgment. "A party may appeal (1) from a final judgment in actions in which appeals are given by law; (2) an interlocutory judgment only when expressly provided by law; and (3) from a judgment reformed in accordance with an additur or remittitur." Frank Maraist, 1 LA. CIV. L. TREATISE, CIVIL PROCEDURE § 14:3 (2d ed. 2017) (citing La. C.C.P. art. 2083 ) ("Maraist ").[5] A judgment that determines the merits in whole, or in part, is a final, or partial final, judgment; whereas, a judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment. La. C.C.P. art. 1841. "[A]ll judgments other than final judgments and partial final judgments are interlocutory." Maraist , supra.
Although Louisiana courts require no particular form for a valid final judgment, they require that it be "precise, definite and certain." 1960 Revision Comment (a) to La. C.C.P. 1918. Indeed, this Court has noted that " '[a] valid judgment must be precise, definite and certain' " and that " '[t]he quality of definiteness is essential to a proper judgment." Board of Sup'rs of Louisiana State Univ. & Agric. & Mech. Coll. v. Mid City Holdings, L.L.C. , 14-0506, p. 2 (La. App. 4 Cir. 10/15/14), 151 So.3d 908, 910 (quoting Input/Output Marine Sys., Inc. v. Wilson Greatbatch, Techs., Inc. , 10-477, pp. 12-13 (La. App. 5 Cir. 10/29/10), 52 So.3d 909, 915-16 ) (citations omitted). Generally, "a conditional judgment, order, or decree, the finality of which depends on certain contingencies which may or may not occur, is not final for the purpose of appeal." 44 C.J.S. Appeal and Error § 144.
Recognizing the principle that a conditional judgment is generally not a final judgment for purposes of appeal and summarizing the jurisprudence supporting this principle, the court in Barfield v. Tammany Holding Co. , 16-1420, pp. 2-3 (La. App. 1 Cir. 6/2/17), 2017 WL 2399020, *1 (unpub. ), noted:
A judgment that is contingent on the occurrence of a future event is indeterminate and not a valid, final, appealable judgment. Drury v. Drury , 01-0877 (La. App. 1 Cir. 8/21/02), 835 So.2d 533, 538 ; Sibley v. Sibley , 14-0045 (La. App. 1 Cir. 9/19/14), 2014 WL 4667577 *1 (unpublished) (finding the phrase "in the event" in the language of a judgment was not precise, definite, nor certain); State v. Fumar , 05-2459 (La. App. 1 Cir. 11/3/06), 2006 WL 3108327 (unpublished) (finding a judgment ordering a father to pay child support effective "at the time the [mother] moves out of home owned by [father]" was not a valid, final judgment because it was based on a contingency).
*19 Further, a judgment that grants an exception of no cause of action and allows a period of time for amendment of the petition is not an appealable judgment, because it is not a final judgment nor an interlocutory judgment expressly appealable by law. LSA-C.C.P. art. 2083. See Schroeder v. Bd. of Supervisors of LSU , 540 So.2d 380, 382 (La. App. 1 Cir. 1989) ; also see B.G. Mart, Inc. v. Jacobsen Specialty Svces., Inc. , 16-675 (La. App. 5 Cir. 2/8/17), 213 So.3d 1238, and Hughes v. Energy & Marine Underwriters, Inc. , 07-490 (La. App. 5 Cir. 3/11/08), 978 So.2d 566, 567-68, writ denied , 08-0957 (La. 8/29/08), 989 So.2d 100.
Id. ; see also Keller v. Aymond , 97-2203, (La. 11/19/97), 702 So.2d 1387 (dismissing a direct appeal of a judgment holding a statute "conditionally" unconstitutional); Falgoust v. Luck , 477 So.2d 822, 823 (La. App. 5th Cir. 1985) (observing that "[t]he conditional judgment in the case before us, [which ordered the plaintiff to submit to a physical examination under the penalty of dismissal] without a subsequent judgment setting out final dismissal, does not fit the criteria for an appealable judgment")
Applying this principle, we find that we lack appellate jurisdiction. The May 2017 Judgment, albeit labeled a "Final Judgment,"[6] is not final for purposes of appeal; the May 2017 judgment states as follows:
IT IS ORDERED, ADJUDGED AND DECREED that Gerald D. Wasserman's Exception of No Right of Action be granted; and, ACCORDINGLY , the claims of Nathaniel Joseph and Kecia Joseph against Gerald D. Wasserman be STAYED ;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that a decision on Gerald D. Wasserman's Motion for Partial Summary Judgment be deferred as moot;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Clerk of this Court send a Notice in the form attached hereto to the Clerk of Court of the U.S. Bankruptcy Court for the Eastern District of Louisiana.
The May 2017 Judgment is analogous to the judgment in the Falgoust case; the typewritten-part of the judgment in the Falgoust case read as follows:
IT IS ORDERED, ADJUDGED AND DECREED that plaintiff's cause of action against David J. Luck, John Luck and Royal Indemnity Company is hereby dismissed with prejudice due to the plaintiff's failure to fully submit to a physical examination on October 12, 1984 ["the Date"].
477 So.2d at 823. Immediately after the Date on the typewritten judgment was the following handwritten statement: "if the plaintiff does not submit to a physical within 60 days from release of hospital." Id. Classifying the judgment as conditional, interlocutory, and non-appealable, the court in Falgoust reasoned as follows:
The conditional judgment in the case before us, without a subsequent judgment setting out final dismissal, does not fit the criteria for an appealable judgment *20 .... This is not a judgment of dismissal but only presents the possibility of dismissal conditioned on future non-compliance. The judgment herein is analogous to a judgment maintaining an exception and ordering the plaintiff to amend within a certain time on pain of dismissal. Spencer v. Burglass , 288 So.2d 68 (La. App. 4th Cir. 1974) ; Taylor v. Consol. Rail Corp. , 391 So.2d 1351 (La. App. 4th Cir. 1980) ; Coulon v. Gaylord Broadcasting , 408 So.2d 16 (La. App. 4th Cir. 1981). In the above cases, the appeals were dismissed for lack of a final judgment or interlocutory judgment which may cause irreparable harm. The judgment before us neither disposes of the merits nor causes irreparable harm and, as in the cited cases, is no more than a preliminary order.
477 So.2d at 823-24. Likewise, the May 2017 Judgment is conditional, interlocutory, and non-appealable.
Although Mr. Wasserman supplemented the record on appeal with a copy of the Trustee's intervention that has been filed in the trial court, the Trustee's intervention does not change the conditional nature of the trial court's ruling on the exception of no right of action. See 44 C.J.S. Appeal and Error § 144 (noting that "the happening of the event does not operate to render the order final"). Until the trial court unconditionally dismisses the Josephs' claims against Mr. Wasserman, there is no final judgment. Thus, we lack appellate jurisdiction.
Converting appeal to an application for supervisory writ
When, as here, a non-appealable judgment is appealed, this court has the discretion to convert the appeal to an application for supervisory writ and to rule on the merits of the writ. Stelluto v. Stelluto , 05-0074, p. 7 (La. 6/29/05), 914 So.2d 34, 39. When confronted with an appeal of a non-appealable judgment, this Court has exercised its discretion to convert the appeal to a writ only when the following two conditions are met:
(i) The motion for appeal has been filed within the thirty-day time period allowed for the filing of an application for supervisory writs under Rule 4-3 of the Uniform Rules, Courts of Appeal.
(ii) When the circumstances indicate that an immediate decision of the issue sought to be appealed is necessary to ensure fundamental fairness and judicial efficiency, such as where reversal of the trial court's decision would terminate the litigation.
Mandina, Inc. v. O'Brien , 13-0085, pp. 7-8 (La. App. 4 Cir. 7/31/13), 156 So.3d 99, 103-04. Although the first condition is met here,[7] the second condition is not.
Neither fundamental fairness nor judicial efficiency would be served by converting the appeal to an application for supervisory writ. An immediate decision will not terminate the litigation. Moreover, the procedural posture of this case has changed since the judgment was rendered-the Trustee has intervened.
As a general rule, appellate courts decline to exercise their supervisory jurisdiction when an adequate remedy exists by appeal. See Cardon v. Chalmette Christian Acad. , 06-0489 (La. 4/24/06), 926 So.2d 530 (observing that "[w]here there is an adequate remedy by appeal, there normally is no need for the courts to exercise supervisory jurisdiction" and citing *21 Douglass v. Alton Ochsner Med. Found. , 96-2825 (La. 6/13/97), 695 So.2d 953 ); see also Urquhart v. Spencer , 15-1354, 15-1355, p. 4 (La. App. 4 Cir. 12/1/16), 204 So.3d 1074, 1078 (citing Douglass, supra , and Kimsey v. Nat'l Auto. Ins. Co. , 13-856, p. 8 (La. App. 3 Cir. 2/12/14), 153 So.3d 1035, 1040, and noting that "an adequate remedy by appeal will exist upon the entry of a precise, definite, and certain judgment containing the decretal language necessary for our appellate review"). Such is the case here. An adequate remedy by appeal will exist upon the entry of an unconditional judgment.
Given the conditional nature of the May 2017 Judgment, the change in the procedural posture of this case, and the existence of an adequate remedy on appeal, we decline to exercise our discretion to convert the Josephs' appeal to a writ.
Answer to the appeal
Mr. Wasserman filed an answer to the Josephs' appeal seeking affirmative relief. The answer, however, is based on the same conditional, interlocutory, non-appealable May 2017 Judgment. Thus, we lack jurisdiction over Mr. Wasserman's answer to the appeal. See Nicaud v. Nicaud , 16-1531, p. 3 (La. App. 1 Cir. 9/15/17), 227 So.3d 329, 330 (reasoning that "[b]ecause the answer to the appeal is based on the same interlocutory non-appealable ruling of the trial court, we lack jurisdiction over said answer" and dismissing appellee's answer to appeal). Moreover, Mr. Wasserman filed his answer to the appeal on July 27, 2017, well beyond the thirty-day period for filing an application for supervisory writ from the judgment, which was rendered on May 3, 2017. Under these circumstances, we decline to exercise our discretion to convert his answer to a writ. See Sellers v. El Paso Indus. Energy, L.P. , 08-403, p. 17 (La. App. 5 Cir. 2/10/09), 8 So.3d 723, 732. Accordingly, we dismiss Mr. Wasserman's answer to the appeal.
DECREE
For the foregoing reasons, the appeal and the answer to the appeal are dismissed; and this matter is remanded for further proceedings.
APPEAL AND ANSWER TO APPEAL DISMISSED; AND REMANDED

For ease of discussion, we refer to the Josephs as the only appellants. The trial court's judgment named the Josephs as the only plaintiffs. The notice of appeal, however, was signed by not only the Josephs, but also three other individuals-Frank Mitchell, Lucinda Mitchell, and Nathan Joseph. These three individuals all filed a notice to intervene as a plaintiff in the Malpractice Case. Nathan Joseph's motion to intervene was denied. Given that we dismiss the instant appeal on jurisdictional grounds, we decline to address the issue of whether these three individuals have standing to appeal.

In 2016, while the appeal in Joseph I was pending before this court, Mr. Wasserman filed an exception of no right of action in this court, asserting the same grounds as set forth in the exception of no right of action that he filed in the trial court. This court denied the exception because proof of the grounds for the exception did not appear of record. See La. C.C.P. art. 2163.

In his motion for partial summary judgment, Mr. Wasserman contended that the Josephs were precluded from pursing this matter pursuant to the doctrine of judicial estoppel due to their failure to disclose the Malpractice Case to the Bankruptcy Court and the Trustee.

The form attached to the May 2017 Judgment read as follow:
PLEASE TAKE NOTICE THAT this Court has rendered the attached Judgment, staying claims asserted against Gerald Wasserman by Nathaniel Joseph and Kecia Esteen (formerly, Kecia Joseph), due to their filing of a bankruptcy proceeding in the U.S. Bankruptcy Court, for the Eastern District of Louisiana, in the matter entitled: In Re: Kecia Esteen and Nathaniel Joseph , Case No. 13-12107. The Court ruled that the cause of action asserted by Nathaniel Joseph and Kecia Joseph, Debtors in said bankruptcy proceeding, was property of the bankruptcy estate, and therefore those Debtors have no right to pursue a claim against Mr. Wasserman.
The Court gave the Trustee of the Estate until July 10, 2017, to determine whether she wishes to pursue the claim pending before this Court. In the event the Trustee takes no action, Nathaniel Joseph and Kecia Esteen will have until August 9, 2017, to petition the Court for leave to pursue the case.
The trial court apparently crafted the conditional judgment it issued (the May 2017 Judgment) based on a federal bankruptcy decision, Gillain v. A-C Product Liability Trust , 2015 WL 5818432, at *7 (E.D. Pa. Oct. 5, 2015) (unpub. ), which the Josephs cited in their opposition. At the hearing, the trial court explained to the Josephs, who appeared pro se , why their reliance on the Gillain case was misplaced.

Summarizing the current scope of appealable judgments, La. C.C.P. art. 2083 provides as follows:
A. A final judgment is appealable in all causes in which appeals are given by law, whether rendered after hearing, by default, or by reformation under Article 1814.
B. In reviewing a judgment reformed in accordance with a remittitur or additur, the court shall consider the reasonableness of the underlying jury verdict.
C. An interlocutory judgment is appealable only when expressly provided by law.

The label placed on a judgment is not dispositive of this court's appellate jurisdiction. See LHO New Orleans LM, L.P. v. MHI Leasco New Orleans, Inc. , 03-1283, 03-1284, p. 5 (La. App. 4 Cir. 3/3/04), 869 So.2d 304, 307 (holding that "[t]his Court is not bound by the trial judge's certification of the partial adjudication as final for the purpose of an immediate appeal; we determine finality de novo "); see also Pellerin v. Pellerin , 01-1877, p. 6 (La. App. 4 Cir. 10/23/02), 832 So.2d 988, 991 (noting that "it is the substance rather than the caption of a pleading that determines its effect" and citing Brown v. Harrel , 98-2931, p. 4 (La. App. 4 Cir. 8/23/00), 774 So.2d 225, 228 ).

The Josephs filed their notice of appeal within the thirty-day period for filing a writ. The trial court signed the judgment on May 3, 2017; and the Josephs filed a notice of appeal on May 30, 2017.