**UNIVERSAL SERVICES AND ASSOCIATES, LLC**

**VERSUS**

**WADE GRUNDMEYER AND VLS ENVIRONMENTAL SOLUTIONS, LLC A/K/A VLS RECOVERY SERVICES, LLC**

\*

\*

\*

\*

\* \* \* \* \* \* \*

**NO. 2023-CA-0196**

**COURT OF APPEAL**

**FOURTH CIRCUIT**

**STATE OF LOUISIANA**

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2022-04896, DIVISION "B"
Honorable Richard G. Perque, Judge Pro Tempore
\* \* \* \* \* \*
**Judge Joy Cossich Lobrano**
\* \* \* \* \* \*
(Court composed of Chief Judge Terri F. Love, Judge Joy Cossich Lobrano, Judge Tiffany Gautier Chase)

Clarence F. Favret, III
James C. Cronvich
Jordan T. LeBlanc
FAVRET CARRIERE CRONVICH
650 Poydras Street, Suite 2300
New Orleans, LA 70130

     COUNSEL FOR PLAINTIFF/APPELLEE

Loretta G. Mince
Michael R. Dodson
FISHMAN HAYGOOD, L.L.P.
201 St. Charles Avenue, 46th Floor
New Orleans, LA 70170-4600

     COUNSEL FOR DEFENDANT/APPELLANT

**APPEAL DISMISSED**

**SEPTEMBER 12, 2023**

This appeal arises from a family business dispute. Defendant/appellant, Wade Grundmeyer ("Grundmeyer"), appeals the December 12, 2022 judgment of the district court, granting the exception of no cause of action regarding Grundmeyer's reconventional demand. We dismiss the appeal.

Grundmeyer is the former chief executive officer of plaintiff/appellee, Universal Services and Associates, LLC ("Universal"). Universal terminated his employment, and Grundmeyer is presently an employee of co-defendant, VLS Environmental Solutions, LLC ("VLS"). On June 1, 2022, Universal filed a petition for damages, alleging that Grundmeyer misappropriated funds and that, along with VLS, he used Universal's confidential operational information and diverted business opportunities from Universal. On August 8, 2022, Grundmeyer filed an answer, affirmative defenses, and reconventional demand against Universal, alleging defamation and violations of the Louisiana Unfair Trade Practices Act ("LUTPA").[1] On September 27, 2022, Universal filed a special

---

[1] On August 15, 2022, VLS separately filed an answer, affirmative defenses, and reconventional demand against Universal, which is not at issue in this appeal.

1

motion to strike and exception of no cause of action in response to Grundmeyer's reconventional demand. A hearing went forward on November 18, 2022. On December 12, 2022, the district court rendered judgment granting the exception of no cause of action and finding the special motion to strike moot. This appeal followed.

While Universal did not file a formal motion to dismiss Grundmeyer's appeal, Universal contends in its brief that the December 12, 2022 judgment is interlocutory and non-appealable. We agree.

The judgment on appeal contains the following language:

> **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Universal Services and Associates' Exception of No Cause of Action is SUSTAINED, dismissing the claims asserted in Wade [Grundmeyer's] Reconventional Demand. Wade Grundmeyer shall have fifteen (15) days from November 18, 2022 to amend and properly state a cause of action that is violative under the Louisiana Unfair Trade Practices.

> **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that if no amendment is filed within the stated time, Judgment entered in favor of Plaintiff, Universal Services and Associates, LLC, and against Defendant, Wade Grundmeyer, dismissing all claims asserted in his Original Reconventional Demand, dismissing all claims therein, will be final.

The judgment orders Grundmeyer to amend his reconventional demand, and states that, should Grundmeyer fail to file such amendment, the dismissal of the reconventional demand will be final.

"According to Louisiana Code of Civil Procedure article 2083, an appealable judgment must be either a final judgment or an interlocutory judgment for which

an appeal is 'expressly provided by law.'" *Menard v. Barrie*, 13-1284, p. 4 (La. App. 4 Cir. 3/5/14), 137 So.3d 679, 680.[2] "A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment." La. C.C.P. art. 1841. "A judgment that determines the merits in whole or in part is a final judgment." *Id.*

This Court has long held that a judgment ordering a party to amend a pleading is not final or appealable, even where the judgment states that failure to amend shall result in the pleading's dismissal. *See Taylor v. Consol. Rail Corp.*, 391 So.2d 1351, 1352 (La. App. 4th Cir. 1980); *Coulon v. Gaylord Broadcasting*, 408 So.2d 16, 17 (La. App. 4th Cir. 1981). The judgment does not dismiss the suit or demand; "[i]t does nothing more than order or permit an amendment within a delay allowed by the court as provided by Code of Civil Procedure Article 934." *Taylor*, 391 So.2d at 1352.[3] "The language of La. [C.C.P.] art. 934 and Louisiana jurisprudence reflect that the lapse of the time to amend does not automatically result in dismissal of the plaintiff's [here, the plaintiff-in-reconvention's] claims; rather, some action on behalf of the trial court or defendants [here, the defendant-in-reconvention] is required." *Jones v. Cisneros*, 20-0582, pp. 4-5 (La. App. 4 Cir. 4/7/21), 315 So.3d 959, 962 (quoting *Henry v. Board of Supervisors of Louisiana Cmty. & Technical Coll. Sys.*, 19-1672, pp. 7-8 (La. App. 1 Cir. 9/18/20), 313

---

[2] "An interlocutory judgment is appealable only when expressly provided by law." La. C.C.P. art. 2083(C).

[3] "If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed." La. C.C.P. art. 934.

So.3d 1009, 1014). "[E]ven if the delay period within which to amend has passed, the plaintiff may still amend unless the defendant has moved for procedural dismissal." *Jones*, 20-0582, p. 5, 315 So.3d at 962 (quoting *Henry*, 19-1672, p. 8, 313 So.3d at 1014).[4]

This Court described a judgment "maintaining an exception and ordering the [party] to amend within a certain time on pain of dismissal" as a "conditional judgment." *Joseph v. Wasserman,* 17-0603, p. 7 (La. App. 4 Cir. 1/10/18), 237 So.3d 14, 20 (quoting *Falgoust v. Luck*, 477 So.2d 822, 823-24 (La. App. 5th Cir. 1985) and citing *Spencer v. Burglass*, 288 So.2d 68, 69 (La. App. 4th Cir. 1974); *Taylor*, 391 So.2d at 1352; *Coulon*, 408 So.2d at 17). "This is not a judgment of dismissal but only presents the possibility of dismissal conditioned on future non-compliance." *Falgoust*, 477 So.2d at 823. A conditional judgment, "without a subsequent judgment setting out final dismissal, does not fit the criteria for an appealable judgment." *Joseph,* 17-0603, p. 7, 237 So.3d at 20 (quoting *Falgoust*, 477 So.2d at 823). Moreover, a judgment ordering amendment of a pleading "is incapable of being designated as final pursuant to [La. C.C.P.] art. 1915(B) because it does not rule, in whole or in part, on the merits of the suit and is, at best, an interlocutory ruling." *Hernandez v. Excel Contractors, Inc.*, 18-1091, p. 13 (La. App. 1 Cir. 3/13/19), 275 So.3d 278, 286-87 (citing *Cole v. Sabine Bancshares,*

---

[4] *See also Landry v. Les Fontaine Funeral Home, Inc.*, 99-1157, p. 4 (La. App. 3 Cir. 12/8/99), 755 So.2d 901, 903-04 ("despite the passage of the amendment period and the provision that the matter *shall* be dismissed absent such an amendment, the matter is not dismissed until a formal judgment of dismissal is subsequently perfected … if no formal motion for dismissal has been filed, an amendment can be made even after the expiration of the time set forth by the trial court").

*Inc.*, 16-0796, p. 2 (La. App. 3 Cir. 11/16/16), 205 So.3d 995, 996; *Taylor*, 391 So.2d at 1352). In the absence of an appealable judgment, we lack appellate jurisdiction over this matter.

Grundmeyer urges us, rather than dismiss his appeal, to convert the appeal to an application for supervisory writs. However, the current procedural posture of this case does not fit the criteria permitting this Court to exercise its supervisory jurisdiction. This Court has converted the purported appeal of a non-appealable judgment to an application for supervisory writs when the following two conditions were met:

- The motion for appeal has been filed within the thirty-day time period allowed for the filing of an application for supervisory writs under Rule 4-3 of the Uniform Rules, Courts of Appeal; and

- When the circumstances indicate that an immediate decision of the issue sought to be appealed is necessary to ensure fundamental fairness and judicial efficiency, such as where reversal of the trial court's decision would terminate the litigation.

*Waiters v. deVille*, 19-1048, p. 3 (La. App. 4 Cir. 4/22/20), 299 So.3d 728, 732 n. 3 (citing *Mandina, Inc. v. O'Brien*, 13-0085, p. 8 (La. App. 4 Cir. 7/31/13), 156 So.3d 99, 104; *Stelluto v. Stelluto*, 05-0074, p. 7 (La. 6/29/05), 914 So.2d 34, 39).

The first condition is satisfied, as the motion for appeal was filed within thirty days of the notice of judgment. Even so, the second condition is not met. Neither fundamental fairness nor judicial efficiency would be served by converting the appeal to an application for supervisory writ. An immediate decision will not terminate the litigation. Generally, appellate courts decline to exercise their

supervisory jurisdiction when an adequate remedy exists by appeal. *Joseph,* 17-0603, pp. 8-9, 237 So.3d at 20-21 (citing *Cardon v. Chalmette Christian Acad.*, 06-0489 (La. 4/24/06), 926 So.2d 530)(other citations omitted). "[A]n adequate remedy by appeal will exist upon the entry of a precise, definite, and certain judgment containing the decretal language necessary for our appellate review." *Urquhart v. Spencer*, 15-1354, p. 5 (La. App. 4 Cir. 12/1/16), 204 So.3d 1074, 1078 (citation omitted). Specifically, in the circumstances before us, Grundmeyer was granted leave to amend his reconventional demand to cure the grounds for the exception of no cause of action. The record does not reflect that he has done so or that Universal has sought the demand's dismissal for failure to comply with the December 12, 2022 judgment. An adequate remedy by appeal will exist upon entry of a final judgment dismissing the reconventional demand. We cannot discern a compelling reason to invoke our supervisory jurisdiction at this time.

Accordingly, for the reasons discussed in this opinion, the appeal of the December 12, 2022 judgment is dismissed.

**APPEAL DISMISSED**

6