Joseph W. URQUHART

v.

Larry SPENCER, III, et al.

Joseph W. Urquhart

v.

Larry Spencer, III, et al.

NO. 2015–CA–1354
CONSOLIDATED WITH:
NO. 2015–CA–1355

Court of Appeal of Louisiana,
Fourth Circuit.

DECEMBER 1, 2016

Paul E. Mayeaux, ROBERT L. MA-
NARD, III, PLC, 1100 Poydras Street,
Suite 2610, New Orleans, LA 70163,

COUNSEL FOR PLAINTIFF/APPEL-LEE JAMES H. NYE

Gregory J. Noto, NOTO LAW FIRM, 532 E Judge Perez Dr., Suite 102, Chalmette, LA 70043, Frank D. Ippolito, LAW OFFICES OF FRANK D. IPPOLITO, 700 West Judge Perez Drive, Suite 101, Chalmette, LA 70043, COUNSEL FOR PLAINTIFF/APPELLEE JOSEPH W. URQUHART

Wade A. Langlois, III, GAUDRY RANSON HIGGINS & GREMILLION, LLC, 401 Whitney Avenue, Suite 500, Gretna, LA 70056, COUNSEL FOR DEFENDANTS/APPELLANTS

(Court composed of Judge Paul A. Bonin, Judge Daniel L. Dysart, Judge Sandra Cabrina Jenkins)

## JUDGE SANDRA CABRINA JENKINS

These consolidated appeals arise from a May 29, 2015 money judgment in favor of plaintiffs Joseph Urquhart and James M. Nye, and against unspecified "defendants." For the reasons that follow, we find that the judgment on appeal lacks necessary decretal language, and is not a valid, final judgment. Consequently, this court lacks jurisdiction. We dismiss these appeals without prejudice and remand this matter to the trial court so that a proper judgment can be rendered.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 9, 2012, a tractor-trailer rig driven by defendant Larry Spencer, III collided with a pick-up truck driven by Mr. Nye, with Mr. Urquhart in the front passenger seat. On August 3, 2012, Mr. Urquhart filed a Petition for Damages against defendants Larry Spencer, III; Mr. Spencer's employer and the owner of the rig, Sysco Corporation ("Sysco"); and Sysco's liability insurer, Zurich American Insurance Company ("Zurich"). On January 8, 2013, Mr. Urquhart filed a First Supplemental and Amended Petition for Damages in which he named Mr. Nye and State Farm Mutual Automobile Insurance Company ("State Farm") as additional defendants.

On October 26, 2012, Mr. Nye filed a Petition for Damages against Mr. Spencer, Sysco, and Zurich. On March 12, 2013, the two lawsuits were consolidated. On January 9, 2015, Mr. Urquhart's claims against Mr. Nye and State Farm were dismissed with prejudice after the parties reached a settlement.

A bench trial was held on January 12, 13, and 15, 2015. On May 29, 2015, the trial court rendered a judgment which states as follows:

> This matter came before the Court for trial and was taken under advisement. Considering the evidence and argument at the trial and the parties' post-trial memoranda,
>
> **IT IS ORDERED, ADJUDGED AND DECREED** that the defendants pay to the estate of Joseph Urquhart[1] the sum of Thirty–Eight Thousand and no/100 Dollars ($38,000.00) in damages, including Thirty Thousand and no/100 Dollars ($30,000.00) in general damages and Eight Thousand and no/100 Dollars ($8,000.00) in special damages.
>
> **IT IS ORDERED, ADJUDGED AND DECREED** that the defendants pay to James H. Nye the sum of Four Hundred Seventy–Nine, Three Hundred Sixty–Two and 45/00 Dollars ($479,-

---

1. Mr. Urquhart passed away on February 13, 2014, and his sons were substituted as plaintiffs.

362.45) in damages, divided among the following categories:

| | |
|---|---|
| Past general damages | $ 10,000.00 |
| Past RSD-related general damages | $ 10,000.00 |
| Future general damages | $ 50,000.00 |
| Future RSD-related general damages | $ 30,000.00 |
| Past special medical damages | $167,563.85 |
| Future special medical damages | $211,798.60 |
| **Total** | **$479,362.45** |

On June 9, 2015, Mr. Urquhart's heirs and Mr. Nye filed Motions for New Trial and to Amend Judgment, which the trial court denied on July 17, 2015. On July 27, 2015, Mr. Spencer, Sysco, and Zurich filed a Motion and Order for Suspensive Appeal, which the trial court granted on July 30, 2015. On August 31, 2015, Mr. Nye filed a Motion and Order for Devolutive Appeal, which the trial court granted on that date. The two appeals were consolidated.

## ₃DISCUSSION

### Requirements for Decretal Language

■ "Before considering the merits of any appeal, appellate courts have the duty to determine, *sua sponte*, whether subject matter jurisdiction exists, even when the parties do not raise the issue." *Moon v. City of New Orleans*, 15–1092, 15–1093 (La.App. 4 Cir. 3/16/16), 190 So.3d 422, 425. We therefore cannot determine the merits of these appeals unless our jurisdiction is properly invoked by a valid final judgment. *Bd. of Supervisors of Louisiana State Univ. v. Mid City Holdings, L.L.C.*, 14–0506, p. 2 (La.App. 4 Cir. 10/15/14), 151 So.3d 908, 910. For a judgment to be a "valid final judgment," it must contain specific "decretal language." *Id.* " 'A valid judgment must be precise, definite and certain. ... The decree alone indicates the

decision. ... The result decreed must be spelled out in lucid, unmistakable language. ... The quality of definiteness is essential to a proper judgment.' " *Id.* (quoting *Input/Output Marine Sys., Inc. v. Wilson Greatbatch, Tech., Inc.*, 10–477, pp. 12–13 (La.App. 5 Cir. 10/29/10), 52 So.3d 909, 915–16). In the absence of the necessary decretal language, the judgment is not final and appealable. *Tsegaye v. City of New Orleans*, 15–0676, p. 3 (La.App. 4 Cir. 12/18/15), 183 So.3d 705, 710, *writ denied*, 16–0119 (La. 3/4/16), 188 So.3d 1064.

■ Importantly, in order for the language of a judgment to be considered "decretal" it "must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied." *Mid City Holdings*, 14–0506 at p. 3, 151 So.3d at 910 (citations omitted). Furthermore, " 'The specific relief granted should be determinable from the judgment without ₄reference to an extrinsic source such as pleadings or reasons for judgment.' " *Id.* (quoting *Input/Output Marine*, 10–477, p. 13, 52 So.3d at 916).

■ In multiple defendant cases such as this one, the "failure to name the particular defendant cast in judgment results in the invalidity of the judgment." *Freeman v. Zara's Food Store, Inc.*, 16–0445, p. 15 (La.App. 4 Cir. 11/2/16), 204 So.3d 691, 2016 WL 6473023, *7 (citations omitted).

As we have stated, " 'The failure to name the defendant against whom the judgment is rendered in a case with multiple defendants makes the judgment fatally defective, because one cannot discern from its face against whom it may be enforced.' " *Id.*, 16–0445, p. 16, 204 So.3d at 701, 2016 WL 6473023 at *7 (quoting *Jenkins v. Recovery Tech. Investors*, 02–1788, p. 3 (La.App. 1 Cir. 6/27/03), 858 So.2d 598, 600).

▮▮▮ Another important requirement for a valid appealable judgment is that it contain decretal language "express[ing] the degree of fault of each defendant as a percentage.' " *Id.*, 16–0445, p. 16, 204 So.3d at 701, 2016 WL 6473023 at *7. A judgment also lacks the necessary decretal language when it "does not set forth any determination as to whether the defendants are jointly or solidarily liable such that it is unknown what amount each defendant is obligated to pay." *Id.*, 16–0445, p. 16, 204 So.3d at 701, 2016 WL 6473023 at *7 n.15 (citing *Caillier v. Strictly Stars Touring*, 16–390, pp. 5–6 (La.App. 3 Cir. 6/22/16), 195 So.3d 1237, 1241).

Applying these principles, we find that the May 29, 2015 judgment is not a valid appealable judgment. Its decretal language does not specifically name the defendants who are cast in judgment. The use of the indeterminate word "defendants"—there were five named defendants in this matter, three of whom went to trial—renders the judgment fatally defective because "one cannot discern from its face against whom the judgment may be enforced.' " *Id.*, 16–0445,p. 16, 204 So.3d at 701, 2016 WL 6473023 at *7. We also note that the May 29, 2015 judgment is invalid because it does not express the degree of fault of each defendant as a percentage, or state whether the defendants are jointly or solidarily liable. *Id.*, 16–0445, p. 16, 204 So.3d at 701, 2016 WL 6473023 at *7 & n.15.

In sum, because the judgment is "lacking in definitive decretal language necessary for the exercise of our appellate jurisdiction," the appellants are not entitled as of right to appellate review. *Tomlinson v. Landmark Am. Ins. Co.*, 15–0276, pp. 2–3 (La.App. 4 Cir. 3/23/16), 192 So.3d 153, 156–57 (citations omitted).

## Conversion of Appeal to Writ Application

▮▮▮ When confronted with a judgment on appeal that is not final and appealable, we are authorized to exercise our discretion to convert the appeal to an application for supervisory writs.

▮▮ Generally, however, appellate courts will refrain from the exercise of their supervisory jurisdiction when an adequate remedy exists by appeal. *Douglass v. Alton Ochsner Med. Found.*, 96–2825, p. 4 (La. 6/13/97), 695 So.2d 953, 956. In this instance, an adequate remedy by appeal will exist upon the entry of a precise, definite, and certain judgment containing the decretal language necessary for our appellate review. *See Kimsey v. Nat'l Auto. Ins. Co.*, 13–856, p. 8 (La.App. 3 Cir. 2/12/14), 153 So.3d 1035, 1040. Accordingly, we decline to exercise our discretion to convert this appeal to an application for supervisory writs.

## CONCLUSION

In this matter, the May 29, 2015 judgment on appeal lacks necessary decretal language in that it fails to specify the defendants against whom the judgment was rendered, fails to specify whether the defendants are jointly or solidarily liable, and does not express the degree of fault of each defendant. In the |₆absence of this decretal language, there is no valid appealable judgment. Consequently, this court lacks jurisdiction to consider the merits of these appeals. For these reasons, we dis-

miss these appeals without prejudice, and remand the matter to the trial court for further proceedings. Once a final appealable judgment is signed, a new appeal may be filed with this court.

**APPEAL DISMISSED WITHOUT PREJUDICE; REMANDED**