JUDGE SANDRA CABRINA JENKINS
*451 Paul O. Schwarzenberger, M.D. and Clinical Oncology Research Associates, LLC ("CORA") (collectively, "Appellants") appeal the Amended Judgment rendered by the trial court on May 22, 2018, following a bench trial and a hearing on a motion for partial new trial. For the reasons that follow, we find that the Amended Judgment lacks necessary decretal language, and is, therefore, not a valid appealable judgment. Accordingly, we lift the stay previously issued by this Court on December 10, 2018, dismiss the appeal without prejudice, and remand this matter to the trial court so that a valid appealable judgment can be rendered.[1]
PROCEDURAL BACKGROUND[2]
In January 2018, a bench trial was conducted regarding claims raised in a reconventional demand filed by Louisiana State University Health Sciences Center-New Orleans and LSU Board of Supervisors ("LSU" or "Appellee") against Appellants.[3] Following the trial, the trial court issued a judgment on March 1, 2018, granting LSU's reconventional demand and awarding damages.[4] LSU then filed a motion for partial new trial seeking, in part, additional damages and attorneys' fees. Following a hearing on the motion for partial new trial, the trial court rendered an "Amended Judgment" on May 22, 2018. The Amended Judgment reads, in pertinent part, as follows:
IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Reconventional Demand is GRANTED , and this Court awards Plaintiff-in-Reconvention FORTY-FOUR THOUSAND DOLLARS AND NO CENTS ($44,000.00) with judicial interest running on this amount from December 9, 2004; and FORTY-ONE THOUSAND EIGHT-HUNDRED FORTY-TWO DOLLARS AND TWENTY-NINE CENTS ($41,842.29) with judicial interest running on this amount from date of judicial demand. The Court, further, awards Plaintiff-in-Reconvention attorneys' fees under Civil Code article 1958 in the amount of $100,000.00, this amount being reasonable in light of ....
This appeal of the May 22, 2018 Amended Judgment followed.
JURISDICTIONAL ISSUE
Appellate courts have a duty to determine, sua sponte , whether the court *452 has proper jurisdiction to consider the merits of an appeal filed in the court. Moon v. City of New Orleans , 15-1092, 15-1093, p. 5 (La. App. 4 Cir. 3/16/16), 190 So.3d 422, 425. An appellate court cannot determine the merits of an appeal unless its jurisdiction is properly invoked by a valid final judgment. Bd. of Supervisors of La. State Univ. and Agric. and Mech. College v. Mid City Hol dings, L.L.C. , 14-0506, p. 2 (La. App. 4 Cir. 10/15/14), 151 So.3d 908, 910. A valid final judgment must contain specific "decretal language", spelling out in definite, unmistakable language the result being decreed. Id. "In the absence of the necessary decretal language, the judgment is not final and appealable." Urquhart v. Spencer , 15-1354, 15-1355, p. 3 (La. App. 4 Cir. 12/1/16), 204 So.3d 1074, 1077 (citing Tsegaye v. City of New Orleans , 15-0676, p. 3 (La. App. 4 Cir. 12/18/15), 183 So.3d 705, 710 ).
The necessary decretal language for a valid final judgment must state (1) the name of the party in favor of whom the ruling is ordered; (2) the name of the party against whom the ruling is ordered; and (3) the specific relief granted or denied. Urquhart , 15-1354, 15-1355, p. 3, 204 So.3d at 1077 (quoting Mid City Holdings , 14-0506, p. 3, 151 So.3d at 910 ). "The specific relief granted must be apparent on the face of the judgment without reference to an extrinsic source such as pleadings or reasons for judgment." Schiff v. Pollard , 16-801, p. 6 (La. App. 4 Cir. 6/28/17), 222 So.3d 867, 873 (citing Moon , 15-1092, 15-1093, p. 6, 190 So.3d at 425 ).
In a multiple defendant case such as this one, a valid final judgment must specifically identify the particular defendant cast in judgment, the degree of fault of each, and the obligation of each, as explained by this Court in Urquhart , as follows:
[T]he "failure to name the particular defendant cast in judgment results in the invalidity of the judgment." Freeman v. Zara's Food Store, Inc. 16-0445, p. 14 (La. App. 4 Cir. 11/2/16), 204 So.3d 691, 701 (citations omitted). As we have stated, " '[t]he failure to name the defendant against whom the judgment is rendered in a case with multiple defendants makes the judgment fatally defective, because one cannot discern from its face against whom it may be enforced.' " Id. , 16-0445, p. 15, 204 So.3d at 701 (quoting Jenkins v. Recovery Tech. Investors , 02-1788, p. 3 (La. App. 1 Cir. 6/27/03), 858 So.2d 598, 600 ).
Another important requirement for a valid appealable judgment is that it contain decretal language "express[ing] the degree of fault of each defendant as a percentage." Id. 16-0445, p. 15, 204 So.3d at 701. A judgment also lacks the necessary decretal language when it "does not set forth any determination as to whether the defendants are jointly or solidarily liable such that it is unknown what amount each defendant is obligated to pay." Id. , 16-0445, p. 15, 204 So.3d at 701, n. 15 (citing Caillier v. Strictly Stars Touring , 16-390, pp. 5-6 (La. App. 3 Cir. 6/22/16), 195 So.3d 1237, 1241 ).
15-1354, 15-1355, p. 4, 204 So.3d at 1077-78.
Applying these principles to the instant appeal, we find that the Amended Judgment rendered on May 22, 2018 fails to satisfy the requirements for a valid final judgment. The Amended Judgment fails to specifically identify the parties against whom the judgment is rendered, making the Amended Judgment fatally defective "because one cannot discern from its face against whom the judgment may be enforced." Urquhart , supra . In addition, the Amended Judgment fails to express the degree of fault of each party cast in judgment or state whether those parties are *453 jointly or solidarily liable for the damages and attorneys' fees. In the absence of the necessary decretal language, there is no valid appealable judgment. Consequently, we lack appellate jurisdiction to consider the merits of the appeal.
When confronted with a judgment in an appellate context that is not final and appealable, this Court has the discretionary authority to convert the appeal to an application for supervisory writs. Forstall v. City of New Orleans , 17-0414, p. 5 (La. App. 4 Cir. 1/17/18), 238 So.3d 465, 469. However, this Court has exercised its discretion to convert the appeal to a writ only when the following two conditions are met:
(i) the motion for appeal has been filed within the thirty-day time period allowed for the filing of an application for supervisory writs under Rule 4-3 of the Uniform Rules, Courts of Appeal.
(ii) When the circumstances indicate that an immediate decision of the issue sought to be appealed is necessary to ensure fundamental fairness and judicial efficiency, such as where reversal of the trial court's decision would terminate the litigation.
Joseph v. Wasserman , 17-0603, p. 8 (La. App. 4 Cir. 1/10/18), 237 So.3d 14, 20 (citing Mandina, Inc. v. O'Brien , 13-0085, pp. 7-8 (La. App. 4 Cir. 7/31/13), 156 So.3d 99, 103-04 ). In this case, neither condition is met.[5]
Furthermore, as a general rule, appellate courts will refrain from exercising their supervisory jurisdiction when an adequate remedy exists by appeal. Wasserman , 17-0603, p. 8, 237 So.3d at 20 ; Urquhart , 15-1534, 15-1355, p. 4, 204 So.3d at 1078. In this case, an adequate remedy by appeal will exist upon the entry of a precise, definite, and certain judgment containing the necessary decretal language outlined by this Court. Accordingly, we decline to exercise our discretion to convert the appeal to a writ.
CONCLUSION
For the foregoing reasons, we find there is no valid appealable judgment before this Court and, therefore, this Court lacks appellate jurisdiction. In addition, we decline to exercise our supervisory jurisdiction. Accordingly, we lift the stay previously issued by this Court, dismiss the appeal without prejudice, and remand this matter to the trial court. Once a valid appealable judgment is signed, a new appeal may be filed with this Court.[6]
STAY LIFTED; APPEAL DISMISSED WITHOUT PREJUDICE; REMANDED

On December 10, 2018, this Court issued a stay of this appeal and the motion to dismiss appeal filed by Appellee, pending the outcome of writ 2018-CC-1966 filed in the Louisiana Supreme Court by Appellee. The disposition of the writ pending before the Louisiana Supreme Court could have an impact on the procedural posture of this case and the appeal rights of the parties. In light of that, the parties might await the outcome of Louisiana Supreme Court writ 2018-CC-1966 prior to obtaining a valid final judgment to appeal.

The underlying facts of this case are not relevant to the dismissal of the appeal.

The trial court previously dismissed with prejudice all claims asserted in the original petition filed by Appellants against LSU, leaving only LSU's claims in reconvention to be tried. See Schwarzenberger v. Louisiana State Univ. Health Sciences Center-New Orleans , 18-0480, p. 3 (La. App. 4 Cir. 10/3/18), --- So.3d ----, 2018 WL 4778871 ; Schwarzenberger v. Louisiana State Univ. Health Sciences Center-New Orleans , 17-0024 (La. App. 4 Cir. 8/24/17), 226 So.3d 1200.

For the same reasons discussed infra regarding the May 22, 2018 Amended Judgment, we note that the March 1, 2018 judgment also lacks necessary decretal language and is not a valid appealable judgment.

First, the motion for devolutive appeal was filed more than thirty days after the notice of judgment. Second, as previously noted, this Court issued a stay of the appeal pending a disposition on a writ filed in the Louisiana Supreme Court by LSU/Appellee that could potentially impact the procedural posture of the appeal of this matter and the appeal rights of the parties.

Pursuant to Rule 2-1.14, Uniform Rules, Courts of Appeal, the record of this appeal may, with leave of court, be used, without necessity of duplication, in a subsequent appeal filed in this matter.