| | | |
|---|---|---|
| **PERRY EMERY** | * | NO. 2023-CA-0063 |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **EUNICE BEN, DEREK RUSS,** | * | |
| **ERNEST JONES, AND ACA** | | **FOURTH CIRCUIT** |
| **REALTY, LLC** | * | |
| | | **STATE OF LOUISIANA** |

\* \* \* \* \* \* \*

<u>**CONSOLIDATED WITH:**</u>

**PERRY EMERY**

**VERSUS**

**EUNICE BEN, DEREK RUSS,**
**ERNEST JONES, AND ACA**
**REALTY, LLC**

<u>**CONSOLIDATED WITH:**</u>

**NO. 2023-C-0067**

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2020-10296, DIVISION "B"
Honorable Richard G. Perque, Judge
\* \* \* \* \* \*
**Judge Paula A. Brown**
\* \* \* \* \* \*

(Court composed of Judge Daniel L. Dysart, Judge Paula A. Brown, Judge Karen
K. Herman)


Micah Zeno
Martin E. Landrieu
Gordon, Arata, Montgomery, Barnett, McCollam, Duplantis and Eagan, LLC
201 Saint Charles Ave
40th Floor
New Orleans, LA 70170

     COUNSEL FOR PLAINTIFF/APPELLEE


Ike Spears
SPEARS & SPEARS
909 Poydras Street, Suite 1825
New Orleans, LA 70112

Ernest L. Jones
ATTORNEY AT LAW

4211 S. Claiborne Avenue
New Orleans, LA 70125


COUNSEL FOR DEFENDANT/APPELLANT


**MOTION TO DISMISS APPEAL GRANTED;**
**APPEAL DISMISSED;**
**MOTION TO SEVER WRIT APPLICATION DENIED AS MOOT;**
**WRIT GRANTED;**
**RELIEF DENIED;**
**REMANDED**

**SEPTEMBER 28, 2023**

This is a civil dispute arising from an unperfected property title transfer. Appellants, Eunice Ben ("Ms. Ben"), Derek Russ ("Mr. Russ"), Ernest Jones ("Mr. Jones"), and ACA Realty, LLC ("ACA") (collectively, "Appellants"), seek to appeal the district court's August 19, 2022 judgment, which purported to grant a motion for partial summary judgment on liability in favor of Appellee, Perry Emery ("Mr. Emery"). This appeal has been consolidated with a supervisory writ application to this Court, filed on behalf of Mr. Emery. The supervisory writ application asks this Court to exercise supervisory review of the district court's October 28, 2022 judgment, which denied Appellants' exception of prescription as to Ms. Ben, granted the exception in favor of Mr. Russ, Mr. Jones and ACA, denied Appellants' exception of no cause of action as to Ms. Ben and granted that exception in favor of Mr. Russ, Mr. Jones and ACA. Additionally, Mr. Emery filed a motion with this Court seeking to sever his supervisory writ application and dismiss Appellants' appeal for lack of jurisdiction. For the reasons that follow, Mr. Emery's motion to dismiss appeal is granted, and this appeal is dismissed.

Mr. Emery's motion to sever is denied as moot. Mr. Emery's writ application for supervisory review is granted for the sole purpose of remanding this matter to the district court for it to consider Mr. Emery's timely-filed notice of intent to seek supervisory writ as a motion for appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

In the judgment rendered on October 28, 2022, the district court succinctly outlined the facts giving rise to the matter now before us. For the sake of continuity, we have adopted and incorporated much of that recitation.

The events in the case *sub judice* unfolded as follows:

On May 24, 2004, Mr. Emery and Ms. Ben executed a Bond for Deed with Mr. Emery as the purchaser and Ms. Ben as the owner of certain immovable property with a municipal address of 2128 Bartholomew Street New Orleans, Louisiana 70117 (the "Property") for the purchase price of $36,533.92. Also on May 24, 2004, Mr. Emery and Ms. Ben executed a Memorandum of Bond for Deed with ACA acting as the real estate agent effecting the Bond for Deed and the Memorandum. On October 9, 2007, Mr. Emery and Ms. Ben executed a Release of the Bond for Deed for the Property. Mr. Jones acted as the notary before whom the Release of the Bond for Deed was executed with ACA acting as the real estate agent effecting the Release of the Bond for Deed.

On November 1, 2007, Mr. Emery and Ms. Ben executed an Act of Cash Sale for the Property where Mr. Emery paid the sale price to Ms. Ben and Ms. Ben acknowledged its receipt. Mr. Russ acted as the notary before whom the Act of Cash Sale was executed, with ACA acting as the real estate agent effecting the

same. No party or person recorded the Act of Cash Sale in the Orleans Parish Conveyance Records. Mr. Emery alleges that sometime in June or July 2012, he applied for a grant for which approval was contingent upon recordation of the Act of Cash Sale. Mr. Emery's grant application was denied as a result of the Act of Cash Sale not being recorded.

Following the denial of his grant application, Mr. Emery requested that Appellants record the Act of Cash Sale. Mr. Emery avers that, Appellants, through Ms. Ben, demanded that Mr. Emery pay an additional $1,100.00 to them to have the Act of Cash Sale recorded, which he paid soon thereafter. Between August and December of 2020, Mr. Emery sent three additional correspondences requesting that Appellants record the Act of Cash Sale. On December 4, 2020, Mr. Emery filed a petition for relief against Appellants, alleging that he sustained damages as a result of Appellants' failure to transfer clear title of the property and to record the Act of Cash Sale.

On May 23, 2022, Mr. Emery filed a motion for partial summary judgment on the issue of liability, which was premised on the district court's judgment that deemed requests for admissions propounded on the Appellants admitted as true. The motion for partial summary judgment came for hearing on July 29, 2022. On August 19, 2022, the district court issued a judgment and written reasons for judgment, holding that all Appellants were liable to Mr. Emery for damages related to their failure to record the Act of Cash Sale.

On July 29, 2022, Appellants filed peremptory exceptions of prescription, peremption and no cause of action, which came for hearing on September 23, 2022. On October 28, 2022, the district court issued a judgment with reasons, in which it denied the exception of prescription as to Ms. Ben, but granted the

exception as to Mr. Russ, Mr. Jones and ACA, dismissing the case against them. The judgment further denied the exception of no cause of action as to Ms. Ben, but granted that exception as to Mr. Russ, Mr. Jones and ACA, dismissing the case against them.

Appellants filed a motion to appeal the August 19, 2022 judgment on the motion for partial summary judgement. On October 20, 2022. Mr. Emery timely filed a notice of intent to seek supervisory writ for the October 28, 2022 judgment on November 7, 2022. This Court, *sua sponte*, consolidated Mr. Emery's writ application for supervisory review with Appellants' pending appeal. Following, on March 30, 2023, Mr. Emery filed a motion to sever application for supervisory writ and to dismiss appeal for lack of jurisdiction.

Before considering the merits of the issues presented to this Court, we must first determine whether we have jurisdiction to hear the case *sub judice*. We begin by discussing Mr. Emery's motion to dismiss appeal for lack of jurisdiction.

***Motion to dismiss appeal for lack of jurisdiction***

In support of his motion to dismiss,[1] Mr. Emery presents essentially two arguments: (1) the partial final judgment, which is the subject of the appeal, lacks the appropriate decretal language necessary to invoke this Court's jurisdiction; and (2) the factors that this Court uses to convert non-appealable judgments into supervisory writs are not extant in this case; therefore this Court should decline to exercise its jurisdiction. In each instance, we agree.

The judgment at issue in this appeal reads as follows:

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs Motion for Partial Summary Judgment on the issue of

---

[1] The Appellants did not file an opposition to Mr. Emery's motion.

liability is GRANTED in favor of Plaintiff, Perry Emery against Defendants Eunice Ben, Derek Russ, Ernest Jones, and ACA Realty, LLC.

La. C.C.P. art. 1915 provides the procedural directives for the circumstances now facing this Court. It mandates, in relevant part:

A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:

\* \* \*

(3) Grants a motion for summary judgment, as provided by Articles 966 through 969, but not including a summary judgment granted pursuant to Article 966(E).

\* \* \*

(5) Signs a judgment on the issue of liability when that issue has been tried separately by the court, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury.

\* \* \*

B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories against a party, whether in an original demand, reconventional demand, cross-claim, third-party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.

(2) In the absence of such a determination and designation, any such order or decision shall not constitute a final judgment for the purpose of an immediate appeal and may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

This Court previously explained how to apply La. C.C.P. art. 1915 when faced with the exact scenario we now entertain—an appeal on a partial summary judgment on the issue of liability:

Here, the motion for partial summary judgment was granted as to the liability of [defendant] for legal malpractice pursuant to Louisiana Code of Civil Procedure article 966(E), leaving only the issue of damages to be tried. Therefore, by virtue of the literal language of Louisiana Code of Civil Procedure article 1915(A)(3), the judgment is not immediately appealable in the absence of a designation of finality pursuant to art. 1915(B). In *Crescent City Physicians, Inc. v. Desse*,

[]04-1280 (La. 10/1/04), 883 So.2d 963, the Louisiana Supreme Court reversed this court and dismissed the appeal of a partial summary judgment on the issue of liability. In his concurrence, Chief Justice Calogero noted that La. C.C.P. art. 1915(A)(5) "is not applicable in this case because the issue of liability was not tried separately by the court....' Instead, the trial court granted a partial summary judgment on the liability issue pursuant to . . . art. 966(E)." *Id.* (Calogero, C.J., concurring).

Accordingly, we find that absent a designation of finality pursuant to Louisiana Code of Civil Procedure 1915(B), the partial summary judgment rendered by the trial court on the issue of liability is not appealable. Because we lack jurisdiction, we dismiss the instant appeal.

*Auto. Experts, LLC v. Joe Johnson, Inc.*, 17-0664, pp. 2-3 (La. App. 4 Cir. 12/13/17), 234 So.3d 1004, 1005-1006 (quoting *Diecidue v. Tittle*, 12-0903, pp. 4-5 (La. App. 4 Cir. 8/14/13), 122 So.3d 1143, 1145-46).

Analogous to the Court's discussion in *Auto. Experts*, in the case *sub judice*, liability was not tried separately, thereby precluding its automatic designation as a final appealable judgment under the auspices of La. C.C.P. art. 1915(A)(5). As such, the mandates of La. C.C.P. art. 1915(B)(1) are applicable. Based on our review, noticeably absent in the August 19, 2022 judgment is an express determination that "the judgment is a final appealable judgment and that there is no just cause for delay." Rather, this language is only contained in the concluding sentence in the district court's reasons for judgment. "It is well-settled that a trial court's reasons for judgment are not part of the judgment and that appellate courts review judgments, not reasons for judgment." *Heard, McElroy & Vestal, L.L.C.*, 22-0221, p. 16 (La. App. 4 Cir. 9/21/22), 349 So.3d 663, 673 (citing *Bruno v. CDC Auto Transp., Inc.*, 19-1065, p. 9 (La. App. 4 Cir. 6/3/20), 302 So.3d 8, n. 11). For these reasons, we find the August 19, 2022 judgment fails to comply with La. C.C.P. art. 1915(B)(1) and is a non-appealable judgment.

Even assuming, *arguendo*, that the district court had properly designated the August 19, 2022 judgment, as this Court noted in *Schwarzenberger v. La. State Univ. Health Scis. Ctr.*, "[a]nother important requirement for a valid appealable judgment is that it contain decretal language 'express[ing] the degree of fault of each defendant as a percentage.'" *Schwarzenberger v. La. State Univ. Health Scis. Ctr.*, 18-0812, p. (La. App. 4 Cir. 1/9/19); 263 So.3d 449, 452 (quoting *Urquhart v. Spencer*, 15-1354, 15-1355, p. 4 (La. App. 4 Cir. 12/1/16), 204 So.3d 1074, 1077-1078) (internal citations omitted). "A judgment also lacks the necessary decretal language when it 'does not set forth any determination as to whether the defendants are jointly or solidarily liable such that it is unknown what amount each defendant is obligated to pay.'" *Id.* Returning again to the August 19, 2022 judgment, we find the judgment to be lacking in either an assignment of any degree of fault amongst the Appellants, or any indication of how each Appellant is liable—jointly, solidarily or otherwise. Accordingly, we find that the August 19, 2022 partial summary judgment is not a final appealable judgment. Thus, this Court lacks jurisdiction to hear this appeal.

"'When, as here, a non-appealable judgment is appealed, this court has the discretion to convert the appeal to an application for supervisory writ.'" *Chenet v. Colgate-Palmolive Co.*, 22-0666, p. 19 (La. App. 4 Cir. 2/1/23), 357 So.3d 479, 492 (quoting *Forstall v. City of New Orleans*, 17-0414, p. 5 (La. App. 4 Cir. 1/17/18), 238 So.3d 465, 469). However, this Court has consistently declined to exercise its jurisdiction unless each of two specific circumstances are met: (1) the motion for appeal has been filed within the thirty-day time period allowed for the

filing of an application for supervisory writs under Rule 4-3[2] of the Uniform Rules, Courts of Appeal; and (2) when the circumstances indicate that an immediate decision of the issue sought to be appealed is necessary to ensure fundamental fairness and judicial efficiency, such as where reversal of the trial court's decision would terminate the litigation. *See, e.g. Reed v. 21st Century Centennial Ins. Co.*, 18-1071, p. 2 (La. App. 4 Cir. 4/17/19), 268 So.3d 1273, 1275; *Petkovich v. Franklin Homes, Inc.*, 21-0448, p. 21 (La. App. 4 Cir. 9/22/22), 349 So.3d 1042, 1058.

In this instance, the notice of signing of judgment for the August 19, 2022 judgment is dated September 9, 2022. The Appellants filed a motion to appeal that judgment on October 20, 2022, thus, well beyond the thirty-day time period allowed for applying for supervisory writs. Because it is required that both of the above-mentioned circumstances be satisfied in order for us to convert this appeal to a supervisory writ, the failure to satisfy the first leaves us without any authority to exercise our discretion or jurisdiction.

### *Motion to sever application for supervisory writ*

Based on our foregoing discussion in which we find that dismissal of the appeal is appropriate, we find the motion to sever to be moot. Therefore, we will consider the merits of the supervisory writ application separately.

### *Supervisory writ application*

---

[2] Rule 4-3 of the Uniform Rules—Courts of Appeal provides, in pertinent part:

> The judge who has been given notice of intention as provided by Rule 4-2 shall immediately set a reasonable return date within which the application shall be filed in the Court of Appeal. The return date in civil cases shall not exceed 30 days from the date of notice of the judgment, as provided in La. C.C.P. art. 1914.

Mr. Emery seeks supervisory review of the district court's October 28, 2022 judgment,[3] which granted an exception of prescription as to Mr. Russ, Mr. Jones and ACA, and further granted an exception of no cause of action to those same parties, dismissing each from the case. Mr. Emery's application raises six issues for our review; however, we find that the first issue presented—that the October 28, 2022 judgment did not contain decretal language—is the only issue pertinent to our review.

This Court has previously explained that "[f]or a judgment to be 'a valid final judgment,' it must contain 'decretal language.'" *In re Benoit*, 17-0802, p. 4 (La. App. 4 Cir. 4/11/18), 244 So.3d 44, 48 (quoting *Tsegaye v. City of New Orleans*, 15-0676, p. 3 (La. App. 4 Cir. 12/18/15), 183 So.3d 705, 710). "The absence of necessary decretal language means that the judgment is not final and appealable." *Id*. "Importantly, for the language of a judgment to be considered 'decretal,' it 'must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied.[']" *Id*. (internal citations omitted) "Established jurisprudence requires that a valid judgment be precise, definite and certain." *Id.* (citing *Input/Output Marine v. Greatbatch Techs., Inc.*, 10-0477, p. 12 (La. App. 5 Cir. 10/29/10), 52 So.3d 909, 915).

"'The decree alone indicates the decision. The result decreed must be spelled out in lucid, unmistakable language. The quality of definiteness is essential to a

---

[3] Mr. Emery filed a notice of intent to seek supervisory writ on October 31, 2022, which the district court granted and set a return date of December 19, 2022. On November 7, 2022, he filed a motion for extension of time. The district court granted this motion and set a return date for January 31, 2023, citing to Rule 4-3 of the Uniform Rules for its authority to do so. *See Barnard v. Barnard*, 96-0859 (La. 6/24/96), 675 So.2d 734 and *Cutcher-Tufts Corp. v. Coleman*, 15-0340 (La. 5/22/15), 170 So.3d 972, (wherein the Supreme Court recognized that the district court has the authority to extend the deadline for filing a supervisory writ under Rule 4-3).
.

proper judgment.'" *Id.* (quoting *Input/Output Marine*, 10–0477, p. 13, 52 So.3d at 916). "'The specific relief granted should be determinable from the judgment without reference to an extrinsic source such as pleadings or reasons for judgment.'" *In re Med. Rev. Panel of Hurst*, 16-0934, p. 2 (La. App. 4 Cir. 5/3/17), 220 So.3d 121, 124 (quoting *Moon v. City of New Orleans*, 15–1092, 15-1093, p. 6 (La. App. 4 Cir. 3/16/16), 190 So.3d 422, 425).

The judgment at issue decreed:

> **ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the Exception of Prescription is DENIED to Eunice Ben and GRANTED to Derek Russ, Ernest Jones, and ACA Realty, LLC with same being dismissed against Derek Russ, Ernest Jones, and ACA Realty, LLC.

> **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that for those same reasons provided above the Exception of No Cause of Action is DENIED to Eunice Ben and GRANTED to Derek Russ, Ernest Jones, and ACA Realty, LLC, insofar as the action against Derek Russ, Ernest Jones, and ACA Realty, LLC are prescribed and dismissed.

It is Mr. Emery's contention that the judgment is unclear, both in its language, by stating the "same" is "dismissed," and its specificity as to which of his eleven stated causes of action relief is being granted or denied. We disagree. The two decrees issued by the district court, although one may argue the verbiage is inartful, are unequivocally lucid as to the exceptions, the exceptions of prescription and no cause of action, and whether each is being granted or denied, specifically naming each defendant. Furthermore, we find it clear that the district court is dismissing all claims against Mr. Russ, Mr. Jones and ACA. Louisiana Code of Civil Procedure article 1915(A)(1) provides that:

> A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:

10

> (1) Dismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or intervenors.

Applying this article to the case *sub judice*, wherein three of the four defendants were dismissed from the suit, we find the October 28, 2022 judgment to be a final, appealable judgment. Accordingly, the proper method of seeking review by this Court is through an appeal. Previously in our discussion, we noted the jurisprudence allowing us to exercise our discretion to convert an attempted appeal of a non-appealable judgement into an application for supervisory review; however, our research has not shown the opposite to be true—i.e., we have no authority to convert an improperly filed application for supervisory review into an appeal.[4]

Consequently, we conclude that Mr. Emery's writ application for supervisory review by this Court was procedurally improper. Thus, the writ is granted for the for the sole purpose of remanding this matter to the district court for it to consider Mr. Emery's timely-filed notice of intent to seek supervisory writ as a motion for appeal.

## CONCLUSION

For the foregoing reasons, Mr. Emery's motion to dismiss appeal is granted, and this appeal is dismissed. Mr. Emery's motion to sever is denied as moot. Mr. Emery's writ application for supervisory review is granted for the sole purpose of

---

[4] The proper procedure for taking an appeal is laid out in the Louisiana Code of Civil Procedure, Book III, Title I, Chapter 2. La. C.C.P. art. 2121 provides, in pertinent part that "[a]n appeal is taken by obtaining an order therefor, within the delay allowed, from the court which rendered the judgment." Additionally, there are specific costs associated with the filing of an appeal. *See* La. C.C.P. art. 2126. After the costs are set by the clerk of the trial court, La. C.C.P. art. 2125 provides, in pertinent part that "[t]he return day of the appeal shall be thirty days from the date estimated costs are paid if there is no testimony to be transcribed and lodged with the record and forty-five days from the date such costs are paid if there is testimony to be transcribed, unless the trial judge fixes a lesser period."

remanding this matter to the district court for it to consider Mr. Emery's timely-filed notice of intent to seek supervisory writ as a motion for appeal.

**MOTION TO DISMISS APPEAL GRANTED;**
**APPEAL DISMISSED;**
**MOTION TO SEVER WRIT APPLICATION DENIED AS MOOT;**
**WRIT GRANTED;**
**RELIEF DENIED;**
**REMANDED**