| | | |
|---|---|---|
| **BRETT LIRETTE** | * | **NO. 2025-CA-0650** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **JASON C. ADAMS, STATE** | * | |
| **FARM MUTUAL** | | **FOURTH CIRCUIT** |
| **AUTOMOBILE INSURANCE** | * | |
| **COMPANY, GEICO** | | **STATE OF LOUISIANA** |
| **CASUALTY COMPANY, &** | * * * * * * * | |
| **AXIS VENTURES, LLC** | | |

CONSOLIDATED WITH:                          CONSOLIDATED WITH:

BRETT LIRETTE                                      NO. 2025-CA-0651

VERSUS

JASON C. ADAMS, STATE FARM
MUTUAL AUTOMOBILE INSURANCE
COMPANY, GEICO CASUALTY
COMPANY, & AXIS VENTURES, LLC
CONSOLIDATED WITH:                          CONSOLIDATED WITH:

BRETT LIRETTE                                      NO. 2025-CA-0708

VERSUS

JASON C. ADAMS, ET AL
CONSOLIDATED WITH:                          CONSOLIDATED WITH:

BRETT LIRETTE                                      NO. 2025-CA-0710

VERSUS

JASON C. ADAMS, STATE FARM
MUTUAL AUTOMOBILE INSURANCE
COMPANY, GEICO CASUALTY
COMPANY & AXIS VENTURES, LLC

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2016-05383, DIVISION "N-8"
Honorable Ethel Simms Julien
* * * * * *
**Judge Monique G. Morial**
* * * * * *
(Court composed of Judge Joy Cossich Lobrano, Judge Tiffany Gautier Chase,
Judge Monique G. Morial)

**LOBRANO, J., CONCURS IN THE RESULT**

Steven A. DeBosier
James Hilton Peltier, Jr.
Adras Paul LaBorde III
DUDLEY DEBOSIER INJURY LAWYERS
1075 Government Street
Baton Rouge, LA 70802


      COUNSEL FOR PLAINTIFF/APPELLEE


Joseph M. Messina
Bradley S. Groce
LOBMAN CARNAHAN BATT ANGELLE & NADER
400 Poydras Street
Suite 2300
New Orleans, LA 70130


      COUNSEL FOR DEFENDANT/APPELLEE

Kevin C. O'Bryon
Marta-Ann Schnabel
O'BRYON & SCHNABEL, PLC
935 Gravier Street
Suite 900
New Orleans, LA 70112


      COUNSEL FOR DEFENDANT/APPELLANT


**APPEALS DISMISSED
MARCH 3, 2026**

**MGM**
**TGC**

This is a civil action arising out of a motor vehicle accident with a complicated procedural history. The appeals at issue concern the district court's determination, on remand from this Court, that a policy issued by Defendant, Geico Casualty Insurance Company ("GEICO"), provided coverage for the accident at issue, as well as the district court's granting of a JNOV which reduced the jury verdict awards rendered against Defendant-driver Jason C. Adams ("Mr. Adams"). As discussed more fully below, upon review of this matter, we find that this Court lacks jurisdiction to consider the merits of the appeals. We accordingly dismiss the appeals and remand this matter to the district court for further proceedings consistent with this opinion.

**FACTUAL AND PROCEDURAL BACKGROUND**

The underlying factual and procedural background was provided by this Court in our prior opinion, *Lirette v. Adams*, 2023-0527 (La. App. 4 Cir. 7/10/24), 399 So.3d 468, 474–75 (*"Lirette II")*:

> "On May 4, 2016, Kristi Lirette was a passenger in a [black] 2015 Lamborghini Huracan driven by Mr. Adams." "The vehicle collided

1

with a flood wall on Tchoupitoulas Street in New Orleans, and Kristi Lirette died from the injuries she sustained in the accident." *Id.* At the time of the subject accident, Mr. Adams and his business partner, Dr. Alireza Sadeghi ("Dr. Sadeghi"), each leased a [black] 2015 Lamborghini Huracan [together] with their business, Axis Ventures, LLC ("Axis"). "Only after the accident did Mr. Adams realize that he was inadvertently driving the vehicle leased to Dr. Sadeghi and Axis ("Lamborghini [A]"), and not the vehicle leased to him and Axis ("Lamborghini [B]")."

Mr. Lirette filed a petition for damages on May 27, 2016, in which he named Mr. Adams, GEICO Casualty Company ("GEICO"), State Farm, and Axis as defendants. Germane to our review, "Mr. Lirette alleged, in pertinent part, that an insurance policy issued by GEICO ("GEICO Policy") was in full force and effect at the time of the subject accident and rendered GEICO jointly and solidarily liable for the damages caused by Mr. Adams." "Additionally, Mr. Lirette [alleged] that two insurance policies issued by State Farm were in full force and effect at the time of the subject accident and rendered State Farm jointly and solidarily liable for the damages caused by Mr. Adams." These two policies were: State Farm Policy Number 286-8850-F23-18A ("State Farm Policy A"), with named insureds Dr. Sadeghi and Axis for the use of Lamborghini A; and State Farm Policy Number 282-7788-D17-18B ("State Farm Policy B"), with named insureds Mr. Adams and Axis for the use of Lamborghini B.

After answering the petition and conducting some limited discovery, State Farm filed a motion for summary judgment on October 26, 2017, seeking to be dismissed as liability insurer for Mr. Adams' collision under State Farm Policy B. Shortly thereafter, on November 16, 2017, GEICO filed its own motion for summary judgment, arguing that, while it did have a policy affording coverage to Mr. Adams at the time of the collision, that policy was for two of Mr. Adams' personal vehicles—a 2015 Chevy Tahoe and a 2016 Land Rover/Range Rover—and that Lamborghini A did not qualify as a "non-owned auto" or a "temporary substitute auto" under the GEICO policy; thus, no coverage was provided to Mr. Adams under that policy for the collision involving Lamborghini A.

\* \* \*

Another hearing was conducted for these and several other pending motions on April 1, 2022. The district court issued its judgment on June 16, 2022, in which all of the Parents' claims against GEICO were dismissed with prejudice. In the same judgment, the district court also dismissed with prejudice any of the Parents' claims pertaining to State Farm's liability for Mr. Adams' accident under

2

State Farm Policy B. State Farm conceded that there was coverage for the accident under State Farm Policy A.

Separately, both Mr. Adams and the Parents devolutively appealed the June 16, 2022 judgment to this Court, which was the subject of *Lirette I* [*Lirette v. Adams*, 22-0552 (La. App. 4 Cir. 1/31/23), 382 So.3d 122]. We then granted GEICO's unopposed motion to consolidate the two appeals, but explained that because of the dissimilar procedural posture of the issues presented, we would review them separately. After review, we found that the portion of the judgment dismissing with prejudice State Farm's liability under Policy B was interlocutory and non-appealable because it did not dismiss all claims against State Farm that were still pending related to Policy A. More notably, we determined that there was a genuine issue of material fact whether Lamborghini A did, in fact, qualify as a "non-owned auto" under the terms of the GEICO policy. As a result, we reversed the portion of the district court's June 16, 2022 judgment that granted GEICO's motion for summary judgment and dismissed the Parents' claims against GEICO with prejudice, and remanded the matter back to the district court. We published our opinion in *Lirette I* on January 31, 2023.

Precisely three months earlier, the Parents' suit for damages came for jury trial on October 31, 2022, and concluded on November 7, 2022, with a jury verdict in favor of the Parents and against Mr. Adams and State Farm. Because GEICO had been dismissed as a defendant in the June 16, 2022 judgment, it made only a limited appearance and did not meaningfully participate in the trial.[5] The district court adopted the jury's liability findings and damage awards in its February 27, 2023 judgment, which cast Mr. Adams in judgment for the following amounts:

(1) $12,000,000.00 in wrongful death damages to Brett Lirette;
(2) $12,000,000.00 in wrongful death damages to Diana King;
(3) $2,000,000.00 in survival damages of Kristi Lirette; and
(4) $25,000,000.00 in punitive damages against Mr. Adams.

Additionally, State Farm was cast in judgment for $250,000.00—the limits of its coverage provided under State Farm Policy A. On March 8, 2023, Mr. Adams filed a *Motion for Judgment Notwithstanding the Verdict, Remittitur, or in the alternative, Motion for New Trial* ("motion for JNOV and motion for new trial") which, after a hearing on April 28, 2023, the district court denied.

*Lirette v. Adams*, 23-0527, pp. 2-5 (La. App. 4 Cir. 7/10/24), 399 So.3d 468, 474–476 (footnotes omitted) (citations omitted).

In that appeal, *Lirette II*, this Court determined that the district court judge legally erred when she opined that the jury damages awarded were unreasonably high but nevertheless subsequently denied the JNOV. This Court reversed the district court's denial of the JNOV, and remanded the matter to the district court to make an independent assessment of the damages awarded.

On remand, the district court, pursuant to this Court's instructions in *Lirette II*, (1) considered and granted the JNOV and (2) proceeded to a bench trial on the issue of whether GEICO provided coverage for the accident at issue. On April 29, 2025, the district court issued a written judgment. The April 29, 2025 judgment granted the JNOV, finding the original jury awards to be "excessively high," and reduced the awards for the wrongful death damages awarded to each parent as well as the survival damages and punitive damages awarded.[1]

Concerning Plaintiffs' claims against GEICO, the April 29, 2025 judgment found that "the automobile liability insurance policy issued by Defendant, GEICO Casualty Company, to Defendant, Jason C. Adams, provides liability insurance coverage to Defendant, Jason C. Adams, for the May 4, 2016, crash and resulting damages" subject to its "liability insurance limits of $250,000.00." That April 29, 2025 judgment further awarded court costs against GEICO and "pre-judgment judicial interest from date of judicial demand (May 27, 2016) until date of trial Judgment (February 27, 2023) on the amount of $250,000.00, which amount of pre-judgment judicial interest totals $78,565.80 and post[-]judgment judicial interest from date of trial Judgment (February 27, 2023) on the amount of

---

[1] The April 29, 2025 judgment reduced the jury verdict awards as follows:
(1) $12,000,000.00 in wrongful death damages to Brett Lirette reduced to $5,000,000.00;
(2) $12,000,000.00 in wrongful death damages to Diana King reduced to $5,000,000.00;
(3) $2,000,000.00 in survival damages of Kristi Lirette reduced to $1,000,000.00; and
(4) $25,000,000.00 in punitive damages against Mr. Adams reduced to $5,000,000.00.

4

$15,750,000.00 to April 21, 2025, which amount of post[-]judgment judicial interest totals $2,637,154.11 and for post[-]judgment judicial interest after April 21, 2025, on the amount of $15,750,000.00 accruing at a daily rate of $3,559.93 (subject to increase of the judicial interest rate)."

On May 8, 2025, GEICO filed a motion for new trial as to the April 29, 2025 judgment, challenging the finding that GEICO's policy provided coverage for the accident at issue and further challenging the calculation or amount of pre and post judgment judicial interest awarded in the April 29, 2025 judgment. Plaintiffs opposed the motion for new trial, which the district court set for a June 11, 2025 hearing.

On July 8, 2025, the district court issued a written judgment stating only the following: (1) **"IT IS ORDERED, ADJUDGED AND DECREED** that the Lamborghini was not furnished for Mr. Adams 'regular use, but was used at random and sporadic times which would allow for coverage under the 'non-owned auto' GEICO policy' " and (2) "**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the judicial interest under the GEICO policy limits of liability runs from the date of judicial demand until paid or the money is deposited into the registry of the court."

The July 8, 2025 judgment did not grant or reference the filing of a motion for new trial. Further, the July 8, 2025 judgment did not vacate the original April 29, 2025 judgment or reference any amendment to the April 29, 2025 judgment. GEICO timely filed a motion and order for appeal from the April 29, 2025 and July 8, 2025 judgements, which the district court granted on August 11, 2025.[2]

_____

[2] Defendant Mr. Adams also filed a motion for appeal, which the district court granted on September 12, 2025.

On August 12, 2025, after the signing of the order of appeal and the posting of the appeal bond, GEICO filed a "motion to amend" the July 8, 2025 and April 29, 2025 judgments to modify and combine both judgments into one final judgment to reflect decretal language disposing of both GEICO's liability following trial, as well as the district court's ruling on remand of the JNOV reducing the jury verdict awards.

On October 30, 2025, the district court judge executed an "Amended Final Judgment" substantively modifying, combining, and amending the previous April 29, 2025 and July 8, 2025 judgments.[3]

*Jurisdictional Issue*

"Prior to addressing the merits of an appeal, appellate courts have the duty to determine sua sponte whether their appellate court jurisdiction has been properly invoked by a valid, final judgment*." May v. Cooper/T. Smith Stevedoring Co., Inc.*, 2024-0272, p. 3 (La. App. 4 Cir. 6/11/25), 421 So.3d 211, 214, *writ denied*, 2025-00884 (La. 10/14/25), 418 So.3d 903, and *writ denied*, 2025-00886 (La. 10/14/25), 418 So.3d 904 (citing *Safford v. New Orleans Fire Dept.*, 2023-0495, p. 18 (La. App. 4 Cir. 2/1/24), 384 So.3d 909, 924-25 ). This Court cannot consider the merits of an appeal unless and until our jurisdiction is properly invoked by a valid, final judgment. *Urquhart v. Spencer*, 2015-1354, p. 3 (La. App. 4 Cir. 12/1/16), 204 So.3d 1074, 1077. "For a judgment to be a 'valid final judgment,' it must contain specific 'decretal language.' " *Id.* (citing *Bd. of Supervisors of Louisiana State Univ. v. Mid City Holdings, L.L.C.*, 2014–0506, p. 2 (La. App. 4 Cir. 10/15/14), 151 So.3d 908, 910). Moreover, " '[t]he specific relief granted should

---

[3]There does not appear to be a motion and order for appeal related to the October 30, 2025 judgment.

be determinable from the judgment without reference to an extrinsic source such as pleadings or reasons for judgment.' " *Id.* (quoting *Input/Output Marine Sys., Inc. v. Wilson Greatbatch, Tech., Inc.*, 2010–477, pp. 12–13 (La. App. 5 Cir. 10/29/10), 52 So.3d 909, 915–16).

" 'A valid judgment must be precise, definite and certain. ... The decree alone indicates the decision. ... The result decreed must be spelled out in lucid, unmistakable language. ... The quality of definiteness is essential to a proper judgment.' " *Urquhart v. Spencer,* 2015-1354, p. 3, 204 So.3d at 1077 (quoting *Input/Output Marine Sys., Inc. v. Wilson Greatbatch, Tech., Inc.*, 2010–477, pp. 12–13, 52 So.3d at 915–16). In the absence of the necessary decretal language, the judgment is not final and appealable. *Id* (citing *Tsegaye v. City of New Orleans*, 2015–0676, p. 3 (La. App. 4 Cir. 12/18/15), 183 So.3d 705, 710.

Moreover, La. C.C.P. art. 2088 provides that "[t]he jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal and the timely filing of the appeal bond, in the case of a suspensive appeal, or on the granting of the order of appeal, in the case of a devolutive appeal." "Once a judgment becomes final and definitive and acquires the authority of the thing adjudged, no court has jurisdiction, in the sense of power and authority, to modify, revise or reverse the judgment, regardless of the magnitude of the error in the final judgment." *Abbott, Price, Benjamin & Rue LLC v. Kodiak Partners LLC*, 2025-0183, p. 4 (La. App. 4 Cir. 8/21/25), 419 So.3d 829, 832 (quoting *Alonso v. Admin. Patient's Comp. Fund*, 2020-211, p. 6 (La. App. 5 Cir. 12/30/20), 310 So.3d 297, 302).

Upon the granting of a motion for a suspensive appeal and the posting of the appeal bond, the trial court is divested of jurisdiction, with limited exceptions.

*Dailey v. The Home Furnishings Store*, 2002-1225, p. 5 (La. App. 4 Cir. 9/17/03), 857 So.2d 1051, 1054-55. After the granting of an appeal, jurisdiction over the issues on appeal lies with the appellate court and "every action taken and the judgments rendered by the trial court" thereafter are nullities. *Id*.

First, as to the "Amended Final Judgment" issued on October 30, 2025, more than two months after the granting of the order of appeal and posting of the appeal bond, we find the district court lacked jurisdiction to execute that judgment. Accordingly, the October 30, 2025 judgment is an absolute nullity.

Then, we are left to review the April 29, 2025 and July 8, 2025 judgments. As to those judgments, we find this Court lacks jurisdiction to consider the appeals of those judgments as they lack the required definitive and decretal language to invoke our appellate jurisdiction. The July 8, 2025 judgment presumably granted GEICO's motion for new trial on the issue of judicial interest; however, the judgment does not explicitly grant the motion for new trial. Importantly, the July 8, 2025 judgment is in direct conflict with the April 29, 2025 judgment. The July 8, 2025 judgment however did not vacate the prior April 29, 2025 judgment or state that it modified the judgment in any way. In other words, this Court is faced with two separate, inconsistent judgements that lack decretal and definitive language. Therefore, we find that there is no valid and final judgment before the Court for appellate review.

## DECREE

Accordingly, we dismiss the appeals and remand this matter to the district court for the amendment or issuance of a definitive, clear, final judgment, that the parties may subsequently appeal.

**APPEALS DISMISSED**